IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

WORCESTER DIVISION

| | | |
|---|---|---|
| David E. Brown,<br><br>        Plaintiff.<br><br>    -against-<br><br>Department of Veterans Affairs<br>Administration,<br>and<br>Thomas O'Brien, Veterans Service<br>Manager, (in his official and<br>Individual Capacity)<br><br>        Defendants, et. als. | § § § § § § § § § § § § § § § § § § | Civil Case No.<br><br>Complaint, "BIVENS ACTION";<br>Rehabilitation Act of 1973,<br>§ 504, 29 u.s.c. §§ 701 et.<br>seq.; Federal Declaratory<br>Judgement Act, 28 U.S.C. §§<br>2201-2202; Veterans Benefits<br>Statute, 38 U.S.C. § 5313(2)<br>Constitutionality Questioned |

## 05-40027FDS

### COMPLAINT

### INTRODUCTION

1.    The pro.se. plaintiff Mr.Brown, is a Viet-nam Veteran with a Service connected Disability, of Post-Traumatic stress disorder, rated severity, 100% Disabling as adjudicated by the Defendant, Department of Veterans Affairs Administration, ratings Board.

2.    Mr.Brown, Questions Constitutionality of Veterans Benefits Statute, 38 U.S.C. § 5313(2), sub-section, alleging (in pertinent part) sub-section (2), construction doe's not reach far enough to protect Mr.Brown, from Constitutional Deprivations and Disability based or otherwise Discrimination injuries.

RECEIPT # 404510
AMOUNT $ 250.00
SUMMONS ISSUED_____
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. S Jones
DATE 2-14-05

1.

3.    Sub-section (1), of 38U.S.C. § 5313(1), (in pertinent part of) Lawfully reduced Mr.Browns, monthly Disability payment amounts, a direct result of Mr.Browns, felony Conviction and sentence.

4.    Sub-section (2), OF 38 U.S.C. § 5313(2), Conditions full monthly Disability payment amounts reinstatement while Incarcerated, sub-section (2), provides;

> "[T]he Provisions of Paragraph (1), of this
> sub-section, shall not apply with respect to
> any Person during which a person (Emphasis
> added) is PARTICIPATING in a Work-Release
> Program or residing in a Half-Way House."

5.    Mr.Brown, is denied monetary Benefits of federaly funded Disability compensation program, 38 U.S.C. § 5313(2), full reinstatement of his Disability monthly payment amounts, solely based on his status as a Veteran who has a Disability that is factually 100% Disabling resulting in Mr.Browns, total social and total Industrial impairments nexus;

6.    Mr.Brown, is willing but unable to participate with any degree of participating in a Work-Release Program, a result of his total social and total Industrial impairments nexus caused from Post-Traumatic stress Disorder.

7.    There are no Half-way Houses available for Mr.Brown, to reside within while he remains Incarcerated in Custody of the Massachusetts Department of Correction, Department of Correction Massachusetts doe's not operate nor contract for operation of Half-Way Houses for their Inmates.

2.

## JURISDICTION

8.    Jurisdiction of this Court is invoked pursuant, 28 U.S.C. § 1331, in that this is a Civil action arising under the Constitution of The United States of America.

9.    The District Court has subject matter jurisdiction to consider Questions of Constitutionality of Federal Statutes and to invalidate those Congressional enactments found violative of the Constitution.

10.    Plaintiff, claims for relief are predicated upon "BIVENS ACTION" which authorizes action to redress the Deprivation under Color of Federal Law, of rights, Privileges and immunities secured by the Constitution of the United States of America.

11.    Plaintiff, Claims for relief are predicated upon the Rehabilitation Act of 1973, Section § 504, 29 U.S.C. § 794, et. seq. Which authorize actions  to redress Discrimination based on Disability or Handicap.

12.    Jurisdiction of this Court is invoked to consider means by which Plaintiff, may obtain a binding Declaration regarding his Legal rights and the Legal obligations of Defendants, Pursuant 28 U.S.C. §§ 2201-2202.

13.    This Court has jurisdictional means by which the Plaintiff, may obtain Compensatory, special damages, the actual Dollar and sent loss of full retro-active Disability Compensation amounts, including interest.

14.    Plaintiff, Claim for Attorney Fee's and Costs are predicated upon, The Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794, et. seq., Veterans Benefits U.S.Code 38 §§ et. seq., and "BIVENS ACTION" all of which authorize the award of Costs to prevailing party.

3.

15.    In the event that this Court declines to issue the Plaintiff,
Declaratory Judgement relief, Plaintiff will seek Jury Trial on all causes
of action alleged therein this Complaint.

VENUE

16.    Venue is proper in the Courts Central Division, Commonwealth of
Massachusetts, Federal officials are sued in their Official Capacity for
Declaratory and injunctive relief, the events leading to the lawsuit have
occurred to the Plaintiff, where he resides, N.C.C.I. Facility, 500, Colony
Road, Gardner, Massachusetts, 01440. in and for the County of Worcester.
The Defendants, Mr.O"Brien, Veterans Service Manager, is employed with
Defendant, Department of Veterans Affairs Administration, Boston, Division.

PARTIES

17.    At all times relevant to this action is Plaintiff, David E. Brown,
a Citizen of the United States of America, Incarcerated for felony
Convictions, at .N.C.C.I. Facility, 500, Colony Road, Gardner, Massachusetts
01440., County of Worcester.

18.    Plaintiff, has exhausted all his Administrative remedy available
Department of Veterans Affairs Administration, with an effort to obtain full
Disability Compensation restoration, and is Denied full restoration by the
Defendants, et. als.

19.    No remedy at Law is available through Department of Veterans
Affairs Administrative Procedures, as Plaintiff Questions Constitutionality
of Federal Statute, jurisdiction is with the District Court, not the
Department of Veterans Affairs Administration. judicial system.

4.

20.   Based upon U.S. Constitutional and Federal anti-Discrimination Laws, entitlements, this Plaintiff, is entitled to the full reinstatement of his service connected Disability Compensation monthly amounts, while he is and remains incarcerated serving his felony conviction sentence, beginning retro-actively, March 1, 2004, the Date Mr.Brown, first became eligible for Work-Release, pursuant authorization, Massachusetts General Law, c.127 § 49.

21.   At all times relevant to this action is the Defendant, Department of Veterans Affairs Administration, Regional Office, John Fitzgerald Kennedy Federal Building, Boston Massachusetts, 02203. an agency of the United States of America, that provides services to Veterans and their dependents, using Public funds.

22.   At all times relevant to this action is Defendant, Thomas O'Brien, Veterans Service Manager, in his official capacity, under color of federal Law, his actions/failure to act constitute federal Government action he is Veterans Service Manager, for Defendant, Department of Veterans Affairs Administration, Regional Office, John Fitzgerald Kennedy Federal Building, Boston, Massachusetts, 02203.

23.   Defendant, Mr.O'Brien, has a Duty to adequately supervise, train instruct, investigate, control, Veterans Claims adjudication personal within his Division and has negligently failed in that Duty, resulting in Plaintiff, injury, the Deprivation of protection of Federal anti-Discrimation Laws.

5.

24.    Plaintiff, charges Mr.O'Brien, with constructive knowledge of

Disability Discrimination, conditions that his service connected Veteran

Claimants are subjected to when they are 100%, Disability rated, individually

unemployable as Plaintiff, and filing for full monetary Disability payments

reinstatement under provisions of 38 U.S.C. § 5313(2),. . ." [P]articipating

in a Work-Release Program. . ."

25.    Defendant Mr. O'Brien, knew or should have known,denial of Benefits

to Mr.Brown, while he is and remains 100% Disabled, Individually unemployable

total Industrial impaired as the Direct result of his Post-Traumatic stress

Disorder, nexus under the provisions of 38 U.S.C. § 5313(2), subjects the

Plaintiff, to Disability or otherwise Discrimination based injury, as anti-

Discrimination federal statutes are long established entitlements.

FACTS

26.    Mr.Brown, is a Viet-nam Veteran, having served Honorably as

Marine Corps, S-2 Scout, with the 2nd Battalion, 9th Marines, 3ed Marine

Division, in the year 1969, and did repeatedly engage enemy forces of the

United States, with Combat actions.

27.    Since his returning from Viet-nam Mr.Brown, has not adjusted

socially, as had other returning Veterans, a Direct result of the effects

of his Combat experiences. Mr.Brown, is suffered Service Connected Disability

of Post--Traumatic Stress Disorder (P.T.S.D.), this Disorder is rated by

Defendants, as 100% Disabling severity.

6.

28.    A 100% Disability rating is assigned by the Defendants, whenever there is evidence of total social, total Industrial impairments when an Individual is as like Mr.Brown, unable to obtain or maintain gainful employment, 100% Disability rate is assigned for purposes of Individual Unemployable status.

29.    July of 1998, Mr.Brown, is Convicted and Sentenced for Felony(s) two counts of Assault & Battery/W Dangerous Weapon, M.G.L. c.265 § 15A, assaulting two individuals who are Brothers with a knife, and is serving sentences of Eight to ten years, with six years on and after his release from custody, his sentence is not a bar to Work-release opportunity.

30.    At the time of Felony convictions sentencing, July of 1998, Mr.Brown, was in receipt of service connected Disability compensation, equal to that of the then 100% Disability rate amount of approximately $2100.00 monthly. That amount is reduced as a Direct result of felony conviction and sentence, pursuant requirement of 38 U.S.C. § 5313(a)(1) sub-sections. to an amount that was approximately $101.00, monthly

31.    Mr.Browns actual Disability of 100% Disabling, remained unchanged only that of his compensation payments in and of itself is lawfully reduced. pursuant 38 U.S.C. § 5313(a)(1), sub-section.

32.    While Mr.Brown is and remains Incarcerated he may, seek full reinstatement of his now monthly Disability Compensation amounts pursuant to requirements of sub-section(2), of 38 U.S.C. § 5313(2), sub-section conditioned upon meeting one of two requirements of the sub-section(2).

. . .

7.

. . . conditions are;

> (a)  "is participating in Work-release Program or";

> (b)  "residing in a Half-Way House."

33.  The Department of Correction, Commonwealth of Massachusetts, where Mr.Brown, is serving his felony conviction sentence, does not operate nor contract with any Half-Way House, venue for the Benefit of their Incarcerated population to reside within, including the Plaintiff, However;

34.  Mr.Brown, is now "eligible" to participate in a Work-release program, effective May 1, 2004, as he of that date is within eighteen months of his parole eligibility date of August of 2005, Mr.Browns, Work-release, eligibility is authorized pursuant Massachusetts General Law c.127 § 49, providing (in pertinent par of);

> "Participating in education training and employment
> programs outside Correctional facility; . . . [W]ho
> has served such a portion of his sentences or sentences
> that would be eligible for Parole within eighteen months
> (Emphasis added) TO PARTICIPATE in education, training or
> employment Programs." ie. Work-release.

35.  February of 2004, and again March 5, 2004, Mr.Brown, filed with the Defendants, Veterans Benefit Claims application, pursuant provisions Veterans Benefits Statute 38 U.S.C. § 5313(2), sub-section, seeking full Service Connected Disability Compensation, monthly amount restoration, while he is and remains Incarcerated, as he is now "eligible" to be participating in Work-release Program, but not actually participation in Work-release.

8.

36.    Mr.Brown, informed Defendants, within his Benefit Claim

filings, that he is unable to participate with any degree of participating

in a Work-release Program, as a Direct sole result of his Disability

severity, symptoms nexus, of Post-traumatic stress Disorder, that Defendants,

themselves adjudicated as 100% Disabling, this rating is assigned by the

Defendants, for purposes of "Individual Unemployability".

37.    The Congress failed to properly construct the then Veterans

Benefit Statute, 38 U.S.C.S. § 3113(2), sub-section, now Codified as Statute

38 U.S.C. § 5313(2), sub-section, by requiring of Mr.Brown, who is as the

result of his Disability "Individually Unemployable" to be participating

in a Work-release Program, as condition for full reinstatement of his full

Disability Compensation amounts.

38.    Defendants, responded to Veterans Claim filing, David E. Brown,

V.A. file No. 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, Service Number, 2510639, that is filed pursuant

C.F.R. § 3.155, and 38 U.S.C. § 5313(2), sub-section, with letter dated

March 22, 2004, stating (in pertinent part of);

> "To be eligible for restoration of full V.A. Benefits
> you must be released or participating in a Work-release
> Program, Since you are eligible for Work-release but
> are not actually in Work-release we consider you as
> Incarcerated and you remain entitled to only 10% Benefits"

39.    Defendants, and the Statute 38 U.S.C. § 5313(2), sub-section,

in and of itself, have Denied Plaintiff Claim for full restoration of his

Disability Compensation , Plaintiff, has exhausted all Administrative remedy

available to him with the . . .

9.

. . . Defendants, and with the under-constructed Un-Constitutional
Federal Statute 38 U.S.C. § 5313(2) sub-section, that requires of the
Plaintiff, with his Service Connected Disability rated at 100% debilitating
individually unemployability, nexus, Participating in a Work-release Program

40.    The 38 U.S.C. § 5313(2) sub-section, in pertinent part of,
requirement of Participating, [i]s Participating in Work-release Program.,
subjects the otherwise qualified Work-release "eligible" Mr. Brown, and
with his Service Connected Disability, rated at 100% debilitating nexus, to
un-equal treatment, opportunity, access to Federally funded Program and
Benefits there-of his full Service Connected Disability Compensation
restoration, while he is and remains Incarcerated serving Felony Conviction
Sentences, this Statute requirement of Participating with any degree of
Participating in a Work-release Program, is outrageous expectation for
the severely Disabled Mr. Brown, and is therefore Un-Constitutional Violatin
Equal Protection Clause, United States Constitution Amendment 14 § 1, (The
Equal Protection Clause).

### CLAIMS FOR RELIEF

### COUNT ONE -- § 504 of the rehabilitation act of 1973

41.    Plaintiff, repeats paragraphs one through forty as if fully set
forth herein this Count One.

42.    This Count One is brought against all Defendants, in their
official capacity, acting under color of Federal Law, for all Causes of
action alleged herein Complaint.

43.    This Count One is charged against the Veterans Benefit Statute
38 U.S.C. § 5313(2), Specific part there-of requirement "Participating" in
a Work-release Program.

10.

44.    This Count One is a claim for discrimination against the
handicapped in violation of §504 of the rehabilitation Act of 1973,
29 U.S. C. § 794, which provides in relevant part:

> No otherwise qualified individual with handicaps
> in the United States, as defined in Section 706
> (7) of this title, shall, solely by reason of her
> or his handicap, be excluded from participation in,
> be denied the benefits of, or be subjected to
> discrimination under any program receiving Federal
> financial ASSISTANCE. . .

45.    Plaintiff, is a handicapped individual as defined by 29 U.S.C.
§706(7)(B).

46.    The Department of Veterans Affairs Administration receives, and
at all times material to this action, received direct federal financial
assistance.

47.    The federal Statute 38 U.S.C. § 5313(2) sub-section, is a program
receiving and dispensing federal financial assistance, at all times material
to this action.

48.    Plaintiff, is an "otherwise qualified individual" for purposes
of § 504 of the rehabilitation Act of 1973, 29 U.S.C. § 794.

49.    Defendants, intentional refusal, negligence of Duty to accommodate
the needs of plaintiff, for an opportunity to fully restore his disability
compensation payment amounts, by failure to take steps sponsor legislation
sound the alarm with Congress , that Veterans Benefit Statute 38 U.S.C.
§ 5313(2) sub-section, construction doe's not reach far enough to protect
some of their disabled Veteran charges from disability based discrimination
Violates 29 U.S.C. § 794.

11.

50.    For two plus decades prior to the incidents alleged herein,
Defendants, knew or should have known, 38 U.S.C. § 5313(2) sub-section,
requirement of the Work-release "eligible" Veteran with a service connected
disability, adjudicated by the disability law expert Defendants, themselves
100% disabling, individually unemployable severity nexus, to be participating
in a Work-release Program, requirement post full restoration of disability
compensation, subjects severe disabled Veterans, solely by reason of their
disability or handicap, to disability based or otherwise discrimination, in
Violation of 29 U.S.C. § 794.

51.    Plaintiff, charges the disability legal expert Defendants, et. als.
with constructive knowledge of conditions that their 100% rated, service
connected claimants are subjected to, when Work-release "eligible" and
filing for compensation restoration, Veteran Benefit, pursuant the under
constructed 38 U.S.C. § 5313(2) sub-section.

52.    The Defendants, et. als., have negligently failed in their official
Duty obligation, to protect their 100% disabled rated service connected
Veterans, from being subjected to disability based discrimination pursuant
under-constructed 38 U.S.C. § 5313(2) sub-section, Defendants, cannot hide
behind a claim that the particular factual tableau in question, has never
appeared in haec verba, within reported opinions, if the application of
settled principles to this factual tableau, would inexorably lead to a
conclusion of disability based discrimination practices, in service, program
and Benefits opportunity offered by the Defendants, via 38 U.S.C. § 5313(2).
to Work-release "eligible" 100% disabled rated, individually unemployable
Veteran Claimants.

12.

53.    The Defendants, et. als., negligent failure of their Duty obligations, have caused this Plaintiff, to suffer actual injury of Disability based or otherwise Discrimination by their decads plus custom and practice failure to take appropriate procedural action, inform those in responsible Public office position, of the need for Amendment of the under-constructed 38 U.S.C. § 5313(2), that would ensure the Public Good by protecting the nations most severely Disabled Service Connected Veterans Claimants from Disability based or otherwise Discrimination in Veteran Benefit entitlement, Violative of 29 U.S.C. § 794.

54. As a Direct or Proximate result of Defendants, et. als., acts or failure to act as their Duty demands of Defendants, this Plaintiff, is caused actual injury of disability based or otherwise Discrimination, by the Denial of his full Disability Compensation restoration, solely as the result of Plaintiff's status of having a Disability that is 100% debilitatin in severity, in Violates 29 U.S.C. § 794.

55.    Defendants, et. als. at all times material to this action, while carrying out their Official Duties under color of federal Law, are Negligent deliberately indifferent to Plaintiff, being subjected to Disability based Discrimination a result of under-constructed 38 U.S.C. § 5313(2) sub-section Defendants, et. als. have as a Direct or Proximate result caused Plaintiff , actual injury, the Deprivation of protection from Discrimination, violative 29 U.S.C. § 794.

56.    As the Direct and Proximate result of the Statute in and of itself the 38 U.S.C. § 5313(2) sub-section, failed construction, that requires of the Work-release "eligible" Mr. Brown, with his Disability severity rated as 100% debilitating nexus, . . .

13.

. . . to be; "[P]articipating in a Work-release Program", a post requirement
condition of Plaintiff, to full Disability Compensation restoration, the
Plaintiff, is as a result, solely by reason of his Disability or Handicap
nexus, Denied the federal funded Benefit of 38 U.S.C. § 5313(2) sub-section,
full Disability Compensation restoration, in Violation of 29 U.S.C. § 794.

COUNT TWO
CONSTITUTIONAL DEPRIVATION
UNITED STATES CONSTITUTION AMENDMENT 14 § 1, EQUAL PROTECTION CLAUSE

57.    Plaintiff, repeats paragraphs one through forty as if fully set
forth herein this Count Two.

58.    This Count Two is brought against the Veterans Benefit Statute
Directly and by itself, 38 U.S.C. § 5313(2) sub-section, and the specific
part there of requirement "[i]s participating in a Work-release Program."
Condition for post Disability Compensation full restoration.

59.    Plaintiff, is Directly suffered Constitutional Deprivation injury
The Equal Protection Clause, U.S. Constitution, Amendment 14 § 1, as the
result of under constructed, unconstitutional, 38 U.S.C. § 5313(2), that
Demands of Plaintiff, with his Disability rated as 100% Disabling in severity
nexus, "[i]s participating in a Work-release Program" Condition for post
Disability Compensation full restoration.

60.    Mr.Brown, has significant property interests, U.S.Const. Amendments
14 § 1., and U.S. Const. Amendment 5 § __, First Constitutional property
interest is in the 38 U.S. § 5313(2), Veteran Benefit "Program". Second
Constitutional property interest is in the full Disability Compensation
restoration, authorized within 38 U.S.C. § 5313(2) Program.

14.

61.    Plaintiff, is at all times material to this action, an active participant in the Veterans Benefit, Program, 38 U.S.C. § 5313(a)(1)(2) subjected to statutes requirements, the Plaintiff, is denied by Government action Constitutional Property interest entitlements, of full participation in statute "Program" and "Benefits" there-of solely based on his status as Disabled, individually unemployable, Individual, who is otherwise qualified for the Constitutional Property Interests that he seeks. Plaintiff, by Government action is suffered Constitutional Deprivation injury of Equal Protection Clauses United States Constitutional Amendment 14 § 1, (The Equal Protection Clause) and U.S. Const. Amend. 5 § __, (The Equal Protection Clause).

62.    As a Direct or Proximate result of 38 U.S.C. § 5313(2), failed construction, specifically requirement of Plaintiff, with his Disability of Post-Traumatic Stress Disorder, rated 100% debilitating in severity, with major life function impairments of but not limited to Work, sleep, nexus resulting with his being adjudicated by Defendants as Individually unemployable, unable to obtain or maintain employment, having total social, total industrial impairments, this Statute Language, that requires of Plaintiff, "Participating in a Work-release Program" as post condition requirement to his full Disability Compensation restoration, subjects Mr.Brown, to wholly unequal treatment by Government action, then that of which is required from simular situated Veterans . . .

15.

. . . Whom are likewise as Plaintiff, Incarcerated, Disabled as the result

Service Connection, Work-release eligible, pursuant their States Penal Laws,

are in receipt of reduced amount of their Disability Compensation, pursuant

38 U.S.C. § 5313(a)(1)(2), But who's Disability(s) are rated at less then

100% debilitating severity, who's Disability debilitation, nexus have little

or no effect on their ability to obtain or maintain employment opportunity

for "Participating in a Work-release Program", therefore, Medically able

to meet requirement of 38 U.S.C. § 5313(2), and fully restore their Disability

Compensation, Constitutional Property Clause Interest, Mr.Brown, is suffered

Constitutional Deprivation of Equal Protection Clause, with regard to his

Constitutional Property interests pursuant under constructed 38 U.S.C. §

5313(2) sub-section, in Violation of United States Constitution Amendment

14 § 1. (The Equal Protection Clause)

    63.    As the Direct result of under-constructed 38 U.S.C. § 5313(2),

sub-section, that requires of Plaintiff, who as a result of his Disability

nexus, Individually Unemployable, Medically unable to maintain or obtain

employment opportunity,to participate to any degree of participating in a

Work-release Program, as post condition for full restoration of Plaintiff,

Disability Compensation, is so irrational and outrageous denying full

Disability Compensation restoration opportunity to the must needy severely

Disabled Mr.Brown,that requirement of "Participating" within Statute is

unconstitutional, in Violation of United States Constitution Amendment

14 § 1., (The Equal Protection Clause).

    64.    There is no adequate remedy at Law.

16.

## PRAYERS FOR RELIEF

**WHEREFORE,** on these Count One and Count Two, the Plaintiff, prayers for the following relief;

A.    Plaintiff, requests Declaratory Judgement for all causes of action alleged herein this Complaint for purposes of clarifying and settling all Legal relations in issue and terminate and afford relief from uncertainty, insecurity and controversy giving rise to these proceedings.

B.    Declare that Statute 38 U.S.C. § 5313(2) sub-section, in pertinent part there-of language that requires of Plaintiff, "[P]articipating" in a Work-release Program, post condition for full Disability Compensation restoration, subjects Plaintiff, solely based on his Disability, limitations to Disability based or otherwise Discrimination, with regard to the Services, Program and Benefits of federal funded program by Government action.

C.    Declare that Statute 38 U.S.C. § 5313(2) sub-section, in pertinent part there-of language that requires of Plaintiff, "[P]articipating" in a Work-release Program, a post condition for his full Disability Compensation restoration, is unconstitutional, Denying Equal Protection, of United States Constitution Amendment 14 § 1., (The Equal Protection Clause).

D.    Enter judgement declaring that Defendants, et. als. are negligent of Duty, has caused Plaintiff, actual injury of Disability Based Discrimination, in violation of Rehabilitation Act of 1973, 504, 29 U.S.C. § 794.

17.

E.   Pursuant to the Rehabilitation Act of 1973, 504, 28 U.S.C. § 794, Award Plaintiff Compensation, the Actual Dollar and cent amounts of his full Disability Compensation restoration, retro-active from the date he made application for and eligible to participate in Work-release Program.

F.   Pursuant to the United States Constitution Amendment 14 § 1, (The Equal Protection Clause) Award Plaintiff Compensation, the actual Dollar and Cent amounts of his Full Disability Compensation restoration, retro-active from the date he made application for and first, became eligible to participate in a Work-release Program.

G.   Pursuant to Declaratory judgement Act, Declare that Defendants, have obligation to Plaintiff, the full Disability Compensation restoration actual Dollar and Cent amounts, retro-active from the date he applied for and became eligible to participate in Work-release Program.

H.   Enter permanent injunctive relief enjoining Defendants, their successors in office, their agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of violation the Rehabilitation Act of 1973,§ 504, 29 U.S.C § 794, United States Constitution Amendment 14 § 1., (The Equal Protection Clause) and require Defendants to immediately adopt a plan which will accommodate the needs of this Disabled Veteran Plaintiff, with respect to the opportunity to earn the full restoration of his Disability Compensation.

18.

I.    Award attorneys' fees, expenses and cost of suit;

J.    Grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Absent, Declaratory judgement, Plaintiff, demand trial by jury.

Dated / *(January)* 3/ 2005

Respectfully, submitted

*David E. Brown*
David E. Brown, Plaintiff

500, Colony Road

Gardner, Ma.  01440

## VERIFICATION DECLARATION

Plaintiff David Brown, having read this Complaint, declares that to the best of his knowledge all facts alleged therein are true,

Dated *February 3, 2005*          Signed  */ David Brown*

19.

e JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by r, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use the Clerk of Court for the purpose of initiating the civil docket sheet   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
David E. Brown, **05-40027**
Worcester, ss.

**DEFENDANTS** Thomas O'Breien,(official Capacity), as Manager, Defendant, Department of Veterans Affairs, Boston, Division,

b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed UN KNOWN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

c) Attorney's (Firm Name, Address, and Telephone Number)

~~XYXXXXXXXXXXYXXXXXXXXXXXXXXXXXX.~~
Pro. Se. Plaintiff.

Attorneys (If Known) U.S. Attorney,
U.S. Courthouse-Suite 9200
1, Courthouse Way
Boston, 02210

**BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)

X  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 10 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 20 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| 30 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| 40 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| 50 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| 52 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| 53 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| 60 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| 90 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| 95 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| 10 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| 20 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| 30 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | | Determination Under |
| 40 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Equal Access to Justice |
| 45 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | ☐ 950 Constitutionality of |
| 90 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

☒ 2 Original Proceeding   Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**CAUSE OF ACTION**   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Case questions the Constitutionality of act of Congress effecting Public Good

**REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ UN-DETERMINED

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

I. RELATED CASE(S) IF ANY   N/A   (See instructions):   JUDGE _____   DOCKET NUMBER _____

SIGNATURE OF ATTORNEY OF RECORD _____

**OFFICE USE ONLY**

EIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 - 40027**

**ATTACHMENT 3**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  David E. Brown, -against-  Department of Veterans Affairs Administration, et. als.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

        ___     I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

890     II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
440              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

        ___     III.     110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

        ___     IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

        ___     V.     150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
    **N/A**

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                  YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                  YES ☒    NO ☐
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                  YES ☒    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                  YES ☐    NO ☐

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                  YES ☐    NO ☐

    A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
        EASTERN DIVISION ☐    CENTRAL DIVISION ☒    WESTERN DIVISION ☐

    B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
        EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____ David E. BROWN, Pro. Se., Plaintiff.

ADDRESS _ 500, Colony Road. Gardner, Massachusetts, 01440 _____

TELEPHONE NO. _____

(Att3Cover sheet local.wpd - 11/27/00)