UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

_____
                                    )
DAVID E. BROWN,                     )
                                    )
       Plaintiff,                   )
                                    )
v.                                  )   Civil Action No.: 05-40027-FDS
                                    )
DEPARTMENT OF VETERANS              )
AFFAIRS ADMINISTRATION,             )
and THOMAS O'BRIEN,                 )
                                    )
       Defendants.                  )
_____)

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF JURISDICTION**

**INTRODUCTION**

The defendant, Department of Veterans Affairs Administration ("VA"), submits this memorandum in support of their Motion to Dismiss on the grounds that the Court lacks jurisdiction over the claims against the VA.[1]

**BACKGROUND**

The allegations of the complaint, construed in the light most favorable to the plaintiff, are as follows. Plaintiff suffers from a military service-related disability known as Post-Traumatic Stress Disorder (hereinafter "PTSD"). Complaint ¶ 1. Plaintiff was receiving benefits at a 100% disability rate from the Veterans Affairs Administration in connection with this disability.

---

[1] The plaintiff also names Thomas O'Brien, although the docket does not reflect that Mr. O'Brien was served with the Complaint. The Complaint does not contain any allegations against Mr. O'Brien in his individual or official capacity. The Complaint also does not contain a count under *Bivens*. Although the United States does not currently represent Mr. O'Brien, it appears that the Court would be warranted in dismissing the Complaint as against Mr. O'Brien.

Complaint ¶¶ 1 and 30.  In July 1998, plaintiff was convicted and sentenced on two felony counts of assault and battery with a dangerous weapon.  Complaint ¶¶ 3 and 29.

Pursuant to plaintiff's incarceration, his benefits were reduced from approximately $2100 per month to $101 per month.  Complaint ¶ 30.  Plaintiff concedes that such benefits were lawfully reduced under 38 U.S.C. 5313.[2]  Complaint ¶¶ 31 and 32.  However, plaintiff contends that because he is within 18 months of release from incarceration, he is therefore eligible to participate in a work release program or reside in a half-way house.  Complaint ¶ 34.  Plaintiff further alleges that participation in work release, or residence in a half-way house, would allow for the restoration of his full veterans benefits under 38 U.S.C. §5313(2).  Complaint ¶32.

Plaintiff contends that because the Massachusetts Department of Corrections does not contract with half-way houses for residence of inmates within 18 months of their release from incarceration, and because he cannot participate in a work release due to his disability, he is ineligible to have his full benefits reinstated.  Complaint ¶¶33-40.  The plaintiff contends that the Veteran's Benefit Statute, 38 U.S.C. § 5313(2) is unconstitutional, therefore, as applied to him.  Defendant contend that the Department of Veteran's Affairs is entitled to sovereign immunity

---

[2] 38 U.S.C. § 5313 entitled the "Limitation on payment of compensation and dependency and indemnity compensation to persons incarcerated for conviction of a felony."  This section of the code states in part:

> (a)(1) "any person who is entitled to compensation or to dependency and indemnity compensation and who is incarcerated in a Federal, State, or local penal institution for a period in excess of sixty days for conviction of a felony shall not be paid such compensation or dependency and indemnity compensation, for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, in an amount that exceeds--(A) in the case of a veteran with a service-connected disability rated at 20 percent or more, the rate of compensation payable under section 1114(a) of this title. (2) The provisions of paragraph (1) of this subsection shall not apply with respect to any period during which a person is participating in a work-release program or is residing in a halfway house."

because the United States has not waived its immunity to suit in this case.

Despite reference to several statutes and causes of action,[3] the Complaint contains only two counts. Count I alleges a violation of the Rehabilitation Act. Count II alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. The gist of plaintiff's complaint is that the Veteran's Benefits Statute, 38 U.S.C. § 5313 as applied to the plaintiff is unconstitutional because he has been denied his benefits because of his full disability when he would otherwise be eligible.

## ARGUMENT

I. **This Court Lacks Jurisdiction Over Plaintiff's Claim Against the Department of Veteran Affairs.**

Plaintiff's claim against the Department of Veteran Affairs must be dismissed for lack of jurisdiction.

    A. **Plaintiff's Claims Against the VA Are Barred in the District Court By 38 U.S.C. § 511 Because They Seek Review of VA's Determination In An Individual Benefit Claim**

Plaintiff's claims against VA, in essence, seek district court review of VA's determination in an individual benefit claim. District court review of VA benefit determinations has long been precluded by 38 U.S.C. § 511 and its predecessors.[4]

The Veterans' Benefits Act of 1957, Pub. L. No. 85-56, 71 Stat. 83, as amended by the

---

[3] The caption of the Complaint states that the plaintiff is bringing this action under the Rehabilitation Act of 1973, §504, 29 USC §§701 et. seq., Federal Declaratory Judgement Act, 28 U.S.C. §2201, 2202, and the Veterans Benefits Statute, 38 U.S.C. §5313(2) and "Bivens". The Complaint, however, does not make any claims under any of the foregoing statutes or judicial causes of action with the exception of the Rehabilitation Act.

[4] Former section 211(a) of title 38, United States Code, was recodified as section 511 by the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991).

3

Veterans Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988) (hereinafter "VJRA"), "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits. . . ." 38 U.S.C. §511(a). Section 511, as amended by the VJRA and the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991), provides in pertinent part that:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b),[5] the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

In the leading case interpreting the statute prior to its amendment in Pub. L. No. 100-687, *Johnson v. Robison*, 415 U.S. 361, 369-73 (1974), the Supreme Court recognized Congress' two-fold purpose in enacting what is now section 511. That purpose is, first, to ensure that veterans' benefit claims will not burden the courts and the VA with expensive and time-consuming litigation, and second, to ensure that the technical and complex determinations and applications of VA policy regarding such claims will be adequately and uniformly made. The legislative history of the statute demonstrates that "Congress intends to exclude from judicial review all determinations with respect to noncontractual benefits provided for veterans and their dependents and survivors." H.R. Rep. No. 1166, 91st Cong., 2d Sess. 11, reprinted in 1970 U.S.C.C.A.N. 3723, 3731.

Federal courts construing the predecessors to section 511 consistently recognized that the

---

[5] The only exceptions to preclusion of review specified at 38 U.S.C. § 511(b) are challenges to rulemaking under 38 U.S.C. § 502, certain insurance questions under 38 U.S.C. §§ 1975 and 1984, matters relating to housing and small business loans under 38 U.S.C. ch. 37, and review of Board of Veterans' Appeals decisions in the Court of Appeals for Veterans Claims under 38 U.S.C. ch. 72. None of these exceptions applies in this case.

4

statute bars district-court consideration of individual claims for veterans' benefits.  *See e.g.*, *Tietjen v. United States Veterans Admin.*, 884 F.2d 514 (9th Cir. 1989); *Rosen v. Walters*, 719 F.2d 1422 (9th Cir. 1983); *Demarest v. United States*, 718 F.2d 964 (9th Cir. 1983); *DeRodulfa v. United States*, 461 F.2d 1240 (D.C. Cir.), cert. denied, 409 U.S. 949 (1972); *Milliken v. Gleason*, 332 F.2d 122 (1st Cir. 1964), cert. denied, 379 U.S. 1002 (1965); *Holley v. United States*, 352 F. Supp. 175 (S.D. Ohio 1972), aff'd, 477 F.2d 600 (6th Cir.), cert. denied, 414 U.S. 1023 (1973).  However, prior to passage of the VJRA, a few judicially created exceptions to the judicial-review prohibition were recognized.  Such exceptions included challenges to the constitutionality of veterans' benefit legislation, *e.g.*, *Robison*, 415 U.S. at 366-74, challenges to the authority of the Administrator (now Secretary) of Veterans Affairs to promulgate regulations, *e.g.*, *Wayne State Univ. v. Cleland*, 590 F.2d 627 (6th Cir. 1978), and suits asserting that a VA regulation violated a statute not primarily administered by VA, *e.g.*, *Traynor v. Turnage*, 485 U.S. 535 (1988).

The VJRA amended what was then section 211(a) to prohibit review of VA decisions "under a law that affects the provision of benefits by the [Secretary of Veterans Affairs]," whereas it had previously prohibited review of VA decisions "under any law administered by the Veterans' Administration providing benefits."  VJRA, § 101, 102 Stat. at 4105.  The purpose of that amendment was to "broaden the scope of section 211."  H.R. Rep. No. 963 at 27, reprinted in 1988 U.S.C.C.A.N. at 5809.

The United States Court of Appeals for the Second Circuit has discussed the effect of the VJRA in providing, for the first time, judicial review of veterans' benefit decisions in the United States Court of Appeals for Veteran Claims (hereinafter "CAVC") and, on appeal, in the United States Court of Appeals for the Federal Circuit, while at the same time broadening the statutory

prohibition on judicial review in other courts.  *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992).  In *Larrabee*, the court stated:

> By providing judicial review in the Federal Circuit, Congress intended to obviate the Supreme Court's reluctance to construe the statute as barring judicial review of substantial statutory and constitutional claims, while maintaining uniformity by establishing an exclusive mechanism for appellate review of decisions of the Secretary.

*Id.* (citations omitted).  The court then concluded that, "[a]lthough district courts continue to have 'jurisdiction to hear facial challenges of legislation affecting veterans' benefits,' <u>other constitutional and statutory claims must be pursued within the appellate mill Congress established in the VJRA</u>."  *Id.* (citation omitted) (emphasis added); *see also Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute (citations omitted)").

The First Circuit, along with several other circuits, has previously stated that "a party may not avoid an unambiguous no judicial review provision simply by asserting a challenge 'cloaked in constitutional terms.'"  *Jordan Hospital v. Shalala,* 276 F.3d 72, 78 (1st Cir 2002); *see New York v. Eadarso*, 946 F. Supp. 240, 244 (2d Cir 1996);  *Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995) (refusing to assert jurisdiction, the court reasoned that although plaintiff constructed his claim as a constitutional violation of the Rehabilitation Act and the Fifth Amendment, his suit was premised on the denial of benefits, and therefore must be redressed by the Court of Veteran's Appeals, and any subsequent appeal shall be heard by the U.S. Circuit Court for the Federal Circuit.*); Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994), <u>cert. denied</u>, 515 U.S. 1102 (1995);  *Pappanikoloaou v. Administrator of Veteran Administration,* 762 F.2d 8,

6

9 (2d Cir.) (per curiam) ("[O]ne may not circumvent §§ 511(a) by seeking damages on a constitutional claim arising out of a denial of benefits"), cert. denied, 474 U.S. 851 (1985).

A constitutional challenge to veterans' benefit legislation has been permitted in a district court under the VJRA. *Disabled American Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 140 (2d Cir. 1992) (preclusion-of-review statute does not deprive district courts of jurisdiction to hear facial challenges to legislation affecting veterans' benefits).[6] However, where a plaintiff does not challenge the constitutional validity of any statute, but only raises claims arising out of the adjudication of a benefit matter, such claims may only be pursued through the CAVC. *See Zuspann v. Brown*, 60 F.3d 1156, 1158-60 (5th Cir. 1995), cert. denied, 516 U.S. 1111 (1996); *Eadarso*, 946 F. Supp. at 244 (constitutional claim against statute, "as applied," no facial challenge); *Beamon*, 125 F.3d at 972-74.

In *Zuspann*, 60 F.3d at 1159, the United States Court of Appeals for the Fifth Circuit observed that, since the enactment of the VJRA, Federal courts have refused to entertain constitutional claims based on the VA's actions with respect to particular benefit claims. In that case, the court upheld the dismissal of a veteran's claim that he had been denied adequate medical care in violation of the Rehabilitation Act and the Fifth Amendment to the Constitution. The court stated that "[t]he VJRA . . . created an exclusive review procedure by which veterans may resolve their disagreements with [VA]," 60 F.3d at 1158, and concluded that, because the

---

[6] *See also Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995) (in determining district court jurisdiction, only one question remains after the passage of the VJRA, "whether the plaintiff is alleging a facial attack on the constitutionality of an act of Congress, or whether the plaintiff is challenging the VA's decision to deny him benefits"), cert. denied, 516 U.S. 1111 (1996). *But see Hall v. U.S. Department of Veterans' [sic] Affairs*, 85 F.3d 532, 534 (11th Cir. 1996) (in light of the VJRA, the "vitality" of the holding in *Robison* concerning the jurisdiction of the district courts to entertain facial constitutional challenges to veterans' benefit legislation is "debatable").

veteran was challenging VA's decision to deny him benefits, his recourse lay in that procedure, rather than in the district court, *id.* at 1159-60.

In *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1370 (8th Cir. 1992), the United States Court of Appeals for the Eighth Circuit concluded that a claim that benefits were reduced in violation of the plaintiff's constitutional rights is encompassed by 38 U.S.C. § 511 and is not reviewable in any manner other than as provided in 38 U.S.C. ch. 72. The court emphasized that section 511 applies to all questions of law and fact necessary to a decision by the Secretary, including questions based on the Constitution. 961 F.2d at 1369.

In *Beamon*, 125 F.3d 965, the United States Court of Appeals for the Sixth Circuit affirmed the dismissal of a class action suit brought by a group of veterans challenging, on constitutional and other grounds, the VA's procedures for processing benefit claims. Although the plaintiffs "attempted to distinguish and separate a constitutional challenge to VA procedures for making benefits decisions from their underlying claim for benefits," the court nonetheless found that the district court lacked subject-matter jurisdiction and that the veterans' claims should properly have been pursued through the CAVC. *Id.* at 972-74.[7]

In *Hall v. U.S. Department Veterans' [sic] Affairs*, 85 F.3d 532 (11th Cir. 1996), the United States Court of Appeals for the Eleventh Circuit affirmed dismissal for lack of subject-matter jurisdiction of a challenge by an incarcerated veteran to the constitutionality of a VA

---

[7] In *Beamon*, the Sixth Circuit found that the CAVC's inability to review veterans' claims asserted as class actions did not preclude a finding that the CAVC provided an adequate forum. 125 F.3d at 969-70. The court noted that the veterans' class action suit could not properly be brought in a district court because the Federal Rules of Civil Procedure provisions governing class actions do not confer on district courts jurisdiction over claims they could not hear if brought individually. *Id.* (citing Fed. R. Civ. P. 82).

regulation, 38 C.F.R. § 3.665, which requires reduction in disability compensation during periods of incarceration in excess of sixty days for felony convictions. The court held that, except for the avenue of judicial review available through the VJRA, judicial review of the regulation is available exclusively in the United States Court of Appeals for the Federal Circuit in accordance with 38 U.S.C. § 502. 85 F.3d at 535.

Thus, under 38 U.S.C. 511(a), constitutional challenges to VA regulations and procedures must be filed with the CAVC under 38 U.S.C. § 7252 or, in the case of direct review of regulations pursuant to 38 U.S.C. § 502, with the United States Court of Appeals for the Federal Circuit.

**B.      The Plaintiff's Constitutional Challenge Is An "As Applied" Challenge**

It is well-settled that the District Court does not have jurisdiction to hear "as applied" constitutional challenges to denial of veterans' benefits.[8] *Zuspann*, 60 F.3d at 1158; *Hall v. U.S. Department of Veterans' [sic] Affairs*, 85 F.3d 532, 534 (11th Cir. 1996) (in light of the VJRA, the concept that the district courts may even entertain facial constitutional challenges to veterans' benefit legislation is "debatable"); *Larrabee*, 968 F.2d at 1501; *Cheves v. Dep't of Veterans Affairs*, 227 F.Supp.2d 1237, 1246 (M.D. Fla. 2002) (holding that § 511 interposes a bar to as-applied constitutional challenges to DVA's processing of a claim for veterans' benefits); *McCulley v. United States Dep't of Veterans Affairs,* 851 F. Supp. 1271, 1282 (E.D. Wis. 1994) (in light of enactment of the VJRA, "any attempt" to bestow on district courts jurisdiction over non-facial

---

[8] A facial challenge to a legislative act is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. *See McGuire v. Reilly*, 386 F.3d 45, 57 (1st Cir. 2004). By contrast, an "as applied" challenge the challenger must establish only that the legislative act is unconstitutional "as applied" to the challenger only.

9

constitutional challenges to VA benefit decisions "appears outmoded"); *Verner v. United States*, 804 F.Supp. 381, 384-85 (D.D.C. 1992) (dismissing constitutional counts).

Here, the plaintiff raises a constitutional challenge under the Equal Protection Clause of the Fourteenth Amendment as to the application of 38 U.S.C. § 5313(2) to him. In essence, the plaintiff claims that he would be entitled to benefits if he were entitled to participate in a work release program. However, because of his complete disability, he is unable to receive full benefits despite his eligibility. Therefore, his logic continues, the Veteran's Benefits Statute is unconstitutional as applied to him. There is no allegation that the statute is unconstitutional on its face.

In this circumstance, the District Court has no jurisdiction, and the plaintiff's claims must be dismissed.

## II.    Even If the Plaintiff Could Assert His As Applied Challenge In the District Court, the Law is Rationally Related to a Legitimate Governmental End

Typically, a law will withstand an equal protection challenge if it bears a rational relationship to a legitimate governmental end. *See Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000); *Popovich v. Cuyahoga County Court of Common Pleas, Domestic Relations Div.*, 276 F.3d 808, 812 (6th Cir. 2002) ("disability--unlike race--is not a 'suspect category' and does not deserve 'heightened scrutiny'").

Here, the plaintiff's challenge to the Veterans Benefit Statute must fail because the law passes constitutional muster. Specifically, the Congress could seek to provide an incentive for those veterans able to participate in work-release, which may require good behavior by the veteran to be eligible, to take advantage of the program by re-instating veterans' benefits. Those unable to participate in work release because of disability, or other reasons, are not susceptible to

that incentive and Congress can, therefore, rationally exclude those individuals from receiving benefits. Encouraging good behavior and participation in the work-release program is a legitimate governmental end. Reinstating veterans benefits to those who can participate as an incentive to participate is rationally related to that end.[9] Therefore, the plaintiff's claims must fail.

## CONCLUSION

For the foregoing reasons, the defendants request that the plaintiff's complaint be dismissed for lack of jurisdiction.

>                              Respectfully submitted,
>                              MICHAEL J. SULLIVAN
>                              United States Attorney
>
>                        By:   /s/ Jeffrey M. Cohen
>                              Jeffrey M. Cohen
>                              Assistant U.S. Attorney
>                              U.S. Attorney's Office
>                              John Joseph Moakley U.S. Courthouse
>                              1 Courthouse Way, Suite 9200
>                              Boston, MA 02210
>                              Tel. No. (617) 748-3100
>                              Facsimile (617) 748-3969

Dated: May 2, 2005

### CERTIFICATE OF SERVICE

I certify that on May 2, 2005, I caused a copy of the foregoing Memorandum to be served on Plaintiffs by first class mail, postage pre-paid to David E. Brown, 500 Colony Road, Gardner, MA 01440.

>                              /s/ Jeffrey M. Cohen
>                              Jeffrey M. Cohen
>                              Assistant U.S. Attorney

---

[9] Moreover, veterans benefits, which are designed to aid the veteran in meeting expenses, are not necessary if the state or federal government has the veteran incarcerated full time. Avoiding duplication of costs is a legitimate governmental end. Denying disabled veterans, along with other veterans, benefits while incarcerated is rationally related to that end.