IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| David E. Brown, §<br>§<br>Plaintiff, §<br>§<br>-against- §<br>§<br>Department of Veterans §<br>Affairs Administration, §<br>and Thomas O'Brien, (in his §<br>Official and Individual §<br>Capacity) §<br>Defendants, et. als. §<br>§ | Civil Action No: 05-40027-FDS |

## PLAINTIFF, MEMORANDUM IN SUPPORT OF MOTION OF OPPOSITION TO DEFENDANTS, MOTION TO DISMISS FOR LACK OF JURISDICTION

### INTRODUCTION

The plaintiff, David E. Brown, submits this memorandum in support of his motion to DENY defendants Motion to dismiss on grounds that the Court lacks Jurisdiction over the claims against the VA.[1]

---

[1] The plaintiff, also names Thomas O'Brien, defendant, Mr. O'Brien, is served with Complaint, The Complaint ¶ 22."At all times relevant to this action is Defendant, Thomas O'Brien, Veterans Service Manager in his Official Capacity, under Color of Federal Law, his actions/ failure to act, constitute Federal Government action. . . ."

Plaintiff, action Questions the Constitutionality of (in pertinent part there-of) 38 U.S.C. § 5313(2) Sub-section, effecting the public good, plaintiff has request the Court consider issuing Declaratory relief pursuant 28 U.S.C. §§ 2201-2202, plaintiff further charges defendant Mr. O'Brian,(in his Official Capacity ) and the Statute § 5313(2) Sub-section, part of in Question with causing plaintiff, disability based or otherwise injuries the defendant Mr. O'Brien, knew or should have known that statute under-constructed by Congress Causes the most severely disabled felony convicted Veterans denial of denial of public funded service Program and Benefits solely on the basis of their disability debilitation, Mr. O'Brien, in his Official Capacity, and Statute in and by itself violate § 504, of the Rehabilitation Act, 1973, 29 U.S.C. §§ 701 et. seq. Plaintiff, charges "Bivens Action" within Count Two, Complaint ¶ 61, (in part) ". . . plaintiff, is denied by Government action Constitutional Property interest entitlements . . . plaintiff by Government action is suffered Constitutional Deprivation injury of Equal protection clauses. . " <u>ie.</u> U.S. Const Amend. 14, and 5, (The Equal protection Clause). plaintiff charges within complaint Count Two, at ¶ 58. the Veteran Benefit Statute 38 U.s.c. § 5313(2) in and of it self with Constitutional deprivation throughout Count Two..

## BACKGROUND

Plaintiff, is a Felony convicted, incarcerated and Veteran with Military Service Connected Disability Rated by defendants at 100% debilitating in severity for Post-Traumatic Stress Disorder, this rating is assessed plaintiff as a result of defendants having adjudicated plaintiff as "INDIVIDUAL UNEMPLOYABLE"

Plaintiff as a result of his felony conviction and incarceration Compensation payments amounts are Lawfully reduced Pursuant requirement 38 U.S.C. § 5313(a)(1)., While plaintiff remains incarcerated but conditioned upon § 5313(2) "is participating in Work-Release Program or residing in Half-Way House." the plaintiff would be entitled to his compensation that was initially reduced pursuant Sub-section (a)(1) of § 5313., fully reinstated

Pursuant Massachusetts G.L. c.127 § 49. plaintiff, is now Work Release "ELIGIBLE" as he is within eighteen months of Parole eligibility however plaintiff remains "INDIVIDUALLY UNEMPLOYABLE" as a result of his Service Connected Disability nexus, unable to obtain or maintain employment opportunities.

The Plaintiff, Questions the Constitutionality of 38 U.S.C. § 5313(2) requirement of "PARTICIPATING" "is participating in a Work-Release Program. . . " "PARTICIPATING" requirement singles out and excludes Veterans that are "INDIVIDUALLY UNEMPLOYABLE" solely as the result of their disability severity from Veteran benefits they are otherwise qualified for.

3.

"PARTICIPATING" requirement of the Sub-section (2) § 5313. in Work-Release Program subjects alike situated Servive Connected Veteran(s) to unequal treatment with regard to Government Benefit Service and Program. The Benefit access requirement (participating) is defined in such a way that it denies access to Benefit to those Veterans whom are "INDIVIDUALLY UNEMPLOYABLE" as the direct result of their Disability limitations nexus, while other Service Connected Veterans who's Disability severity having little to no effect on their ability to obtain or maintain employment opportunities those Veterans with Disabilities rated at 30, 50, 60, 80, 90 Percent by Department of Veterans Affairs Defendants, are not denied access to Benefit as those Veterans may by statute requirement of "PARTICIPATING" in a Work-Release Program, as they are medically able to obtain and maintain employment.

There is no rational relationship to legitimate Governmental end served by Veteran Benefit Statute that is constructed in such a matter as to deny access to Veterans who are more severely Disabled (100%) while access to same Benefit for Veterans with lesser degrees of Disability severity is unaffected by "is Participating" in a Work-Release Program condition. Veterans Benefits are Created by Congress in a manner purposely to provide more Benefit and access to Service and programs to those Veterans that are more severely Disabled, not less.

A second condition requirement of 38 U.S.C. § 5313(2) ". . . . or residing in Half-Way House." Constitutionality is not in Question by the plaintiff and with his Disability severity rated 100% debilitating The Statute Sub-section condition of "RESIDING" "or residing in a Half-Way House" allows plaintiff Equal Benefit access opportunity that is available to other Veterans who are less severely Disabled, the plaintiff with his disability severity rated at 100% may have to same opportunity to "RESIDE" in a Half-Way House along side or with Veterans who have Their Disability severity rated 0% to 90%. (plaintiff opinion) he is not denied Constitutional Equal Protection entitlement.

However 38 U.S.C. § 5313(2) first condition requirement of "is participating" in a Work-Release Program Denies plaintiff and with his Disability rated severity 100% U.S. Constitution Amendment 14 § 1 (The Equal Protection Clause) entitlement. The Work-Release "ELIGIBLE" plaintiff is denied by condition of "PARTICIPATING" the Constitutional Property interest he has in Veterans Benefit Program and in Benefit and Service thereof while other less Disabled Veterans may access this opportunity this veteran is denied by the Statute condition itself.

There are no Half-Way Houses operated by or contracted for prison Inmate in the Commonwealth of Massachusetts State Prison system.

5.

ARGUMENT

1.  <u>This Court is proper Jurisdiction over Plaintiff's Claim -against the Department of Veterans Affairs and Mr. O'Brien (in his official capacity) Defendants, et. als.</u>

Plaintiff's claim -against- the Department of Veterans Affairs must not be dismissed for lack of Jurisdiction.

A. Plaintiff's Claims against the VA <u>are not</u> Barred in the District Court by 38 U.S.C. § 511 because, They <u>do not</u> seek review of VA's Determination in an individual <u>Benefit Claim</u>

The plaintiff. <u>has not</u> now or in the past filed a <u>Formal</u> Veteran Benefit Claim with the Defendants The Department of Veterans Affairs or Defendant Mr. O'Brien, et. als. Pursuant to Sub-section (2) of 38 U.S.C. § 5313(2) Benefit provisions. wherefore;

There exists <u>NO Determination</u> of an <u>Individual Benefit Claim</u> nor is there a Determination pending pursuant Sub-section (2) OF 38 U.S.C. § 5313(2), with the Department of Veterans Affairs, Defendants et. als. as a Direct result of having <u>not</u> filed <u>Formal Claim</u>.

B. Plaintiff had filed with VA an <u>INFORMAL CLAIM</u> for Veterans Benefit thus informing the VA of an <u>INTENTION TO APPLY</u> by <u>FORMAL CLAIM</u> at some later date. 38 CFR § 3.155(a), however Plaintiff chose not to file Formal Claim at later date with regard to the Sub-section (2) 38 USC § 5313(2) Issue at bar, and is past 12 Month Statute of Limitation for Filing of a Formal Claim

38 CFR § 68:22  INFORMAL CLAIMS; "Any communication or action indicating an intent to apply for one or more types of Veterans Benefits from a claimant, the claimants duly authorized representive a member of Congress or some person acting as next friend of Claimant who is not sui juris may be considered by the VA as an informal Claim such informal Claim must identify the Benefits sought 38 CFR § 1.55(a)".
" When the Department Veterans Affairs receives an informal Claim and no Formal Claim has been filed an application form will be forwarded to the Claimant for execution 38 CFR § 3.155(a) if the Department receives the application Form within one year from date it was sent to Claimant it will be considered filed as of the date of receipt of the informal Claim 38 CFR § 3.155(a) "
" When a Claim has been filed that meets the requirements of a formal Claim for disability or death BEnefits CFR §§ 3.51, 3.52 Department of Veterans Affairs will accept an informal application for increase or reopening of Claim CFR § 3.155(c)."

38 CFR § 68:20  CLAIMS ON PRESCRIBED FORM; (in Part of) A specific Claim in the form perscribed by the Secretary of VA must be filed in order for Benefits to be paid or furnished any individual ie. Formal Claims Form.

38 CFR § 63:31 DISABILITY BENEFITS; (in part of) A specific claim in the form perscribed by the Secretary of Veterans Affairs, must be filed in order for disability compensation Benefits to be paid to any individual ie. Formal Claims Form.

Plaintiff's <u>INFORMAL CLAIMS FILINGS</u> with the VA in Chronological order as received by VA;

12-30-2003 -- Letter from claimant. the claimant contends reinstatement of full compensation rate due to work release eligibility.

12-30-2003 -- Letter from claimant received. the claimant contends Constitutionality of Veterans Benefit under Statute 5§ 5313(2) in question.

03-19-2004 -- Letter from claimant received. the claimant contends Notice of Claim pursuant CFR § 3.155(a) purpose for full restoration of 100% monthly rate due to eligibility for work-release program.

04-07-2004 -- Letter from claimant received. the claimant contends Informal Claim for Benefit's Amended.

With end of activity with regard <u>INFORMAL CLAIMS FILINGS</u> complete plaintiff had not at any time filed <u>FORMAL CLAIM</u> for the above<u>INFORMAL CLAIM</u> as the Veteran is not entitled as a matter of Law to Benefit as he is not "PARTICIPATING" in a Work-Release Program or residing in a Half-Way House.(authority 38 USC § 5103 A(a)(2))

Plaintiff's intent to file informal claim is to place Defendants in a position where knowledge of conditions with regard to statute deprivation of equal protection could not now as a result of filing be denied by Defendants, et. als.

8.

C.  PLAINTIFF's Constitutional Challenge AS an "As APPLIED" CHALLENGE

It is well-settled that the District Court doe's not have Jurisdiction to hear "as applied" constitutional challenges to denial of Veterans benefits

Defendant, defense argument fail here as well, First, Plaintiff has not filed an official formal claim for benefits with regard the VA[2]. Second, Plaintiff Constitutional challenges within his Complaint filing is a "Facial Challenge" to the Legislative Act 38 U.S.C. § 5313 (2) Sub-section (in pertinent part thereof) Complaint ¶ 2. "Mr. Brown, Questions Constitutionality of Veterans Benefit Statute 38 U.S.C. § 5313(2), Sub-section, alleging (in pertinent part) Sub-section (2), Construction doe's not reach far enough to protect Mr.Brown, from Constitutional Deprivations and disability based or otherwise Discrimation injuries." The Statute in question in and of it self as applied pursuant Statutes failed construction by Congress to this Plaintiff or other exactly situated as plaintiff who are "individually unemployable" as a result of Service Connection and required by Statute to be participating in a Work-Release program as post condition to full Disability Compensation reinstatement.

---

[2] Plaintiff doe's have one active FORMAL BENEFIT CLAIM pending with the VA that Claim issue is not a part of plaintiff Law Suite Claim Issue: Questions the effective date of claimants felony Conviction pursuant a Judicial REVOKE and REVISE of claimant felony Conviction.

9.

Plaintiff has repeatedly alleged throughout his Complaint allegations That the Statute in question in unconstitutional on its face Complaint at ¶2., ¶ 19., ¶ 37., ¶ 39., ¶ 40., ¶ 58., ¶ 59.,¶ 62.

in this circumstances, the District Court has Jurisdiction to invalidate those legislative Acts that are found to be unconstitutional that Jurisdiction doe's not rest with Department of Veterans Affairs Jurisdiction.

II. <u>LAW IS NOT RELATED TO LEGITIMATE GOVERNMENTAL END, PURSUANT CONGRESSIONAL INTENT OF ENACTMENT OF THE NOW CODIFIED 38 U.S.C. § 5313(a)(1)(2), FIRST ENACTED AS "§ 3113(a)(1)(2)"</u>

Plaintiff, is a member of "suspect category" felony convicted incarcerated prisoner 38 U.S.C. § 5313(2) is pursuant to those Veterans Convicted and Sentenced to prison solely therefore issue of Constitutionality deserve "hightened scrutiny"

Here the plaintiff's challenge to the Veterans Benefit Statute must not fail because the Law doe's not pass constitutional muster.

Hearings before the Committee on Veterans Affairs, House of Representatives, Ninety-Sixth Congress, Second Session, April 29 and 30 1980., testifying Mr.Heilman, on page 47 and 48, indicates the intent of Congress with regard to Sub-section (2) OF THE Then to be passed "§3133(2)" for the first time there would be created "Limitations on payment of compensation and dependency and indemnity compensation to person incarcerated for convictions of a felony"

10.

The House of representives and Senate, were as a result of Press News Reports of some bad or horrible examples of Veterans in receipt of Disability compensation while they are convicted and sentenced for Felony

Would for the first time create limitations on these payments while disabled Veterans remained incarcerated, Veterans Dependant Wife, Child or parent not convicted of felony would be eligible for receipt the the full amount that is reduced from the Veteran as the result of his/her felony conviction. on needs basis.

Example the newly created Statute would require a Veteran who is convicted for felony and sentenced for one or more years Compensation amounts reduced upon the 61st day after said conviction a Veteran who was in receipt of the 100% compensation amount would have his compensation reduced to the 10% compensation rate all the while said example Veteran is incarcerated if he is married with dependant Wife or child they may make application for the amount of the benefit that is reduced in this example 90% compensation amount and on needs basis be in receipt of those payments regardless of length of Veterans prison Conviction Sentence.

An unmarried Veteran without dependent child or parents would as a result of Sub-section(2) of § 5313(2) (as would Veterans with dependen dependents be qualified for same) have an opportunity to fully reinstate their . . .

Disability compensantion payments amounts directly to Veteran by meeting one of two sub-section (2) conditions First, "is participating in Work-Release Program" Second" or residing in Half-Way House.

Congressional Intent Sub-section (2) of the Now § 5313(2), Testimony before the Committee on Veterans Affairs House of Representatives Ninety-Sixth Congress Hearing on the Matter

Mr. Heilman on page 47 and 48, see in pertinent part on page 48, "He doe's have honorable service, If he incurred a service-connected disability during that service, he is drawing compensation from the VA If he is Single, I question whether or not he should continue to draw his compensation, so at the end of his 3 or 4 year sentence which is the average sentence, for this veteran inmate, about 4 years, at the end of his 4 years should we object to him having a stake of about 2000 3000 or 4000, thousand to set him on the correct path when he gets out, so that perhaps,he won't return to prison, will not be forced to associate with criminals on the outside, or engage in criminal activity? I would just ask the committee to consider that intention of this issue Thank You"

Chairman Montgomery, "Thank you for that information We certainly will consider it, and this is really the first time we have gotten into this area. Thanks very much."

Plaintiff, contends the legitimate governmental end, reinstatement full compensation while incarcerated is the protection of public safety

12.

By affording a Veteran who is single without dependents a stake at the end portion of his/her sentence for going out the prison gate and reestablishing their lives.[3.] Therefore, the defendants arguments must fail on all four corners.

## CONCLUSION

For the foregoing reasons, the plaintiff request that the defendant Motion to Dismiss for lack of Jurisdiction, pursuant Fed. R. Civ. P. 12(b)(1) be DENIED.

Dated MAY 08, 2005

Respectfully submitted,
remember our Brave Troops,

David E. Brown, pro se.
500 Colony Road
Gardner Ma.   01440

Certificate of Service

I, certify that on May 10, 2005 a true copy of plaintiff memorandum is served the defendants attorney of record by pre-paid first class postage

David E. Brown,

---

[3.] Moreover veterans benefits are designed by the congress to aid the veteran in meeting expenses, while he is incarcerated full time Incarcerated Veterans Monthly reduced compensation amount is $108.00. Dollars a Month assisting a disabled Veteran expenses while incarcerated as many disabled veterans are unable to earn prison industry pay as a result of their medical limitations, including this plaintiff.

13.

PL. EX #2



**DEPARTMENT OF VETERANS AFFAIRS**
VA Regional Office
JFK Federal Building
Government Center
Boston MA 02203

MAR 2 9 2004

DAVID E BROWN
397 GRAFTON ST
SHREWSBURY MA 01545

In Reply Refer To: 301/21
CSS 014 40 6710
BROWN, D E

Dear Mr. Brown:

We are responding to your letter of 03/05/04.

To be eligible for restoration of full VA benefits, you must be released or participating in a work release program. Since you are eligible for work release, but are not actually in work release, we consider you still as incarcerated and you remain entitled to only 10% benefits.

Once you are actually released, submit an official document from the Correctional Facility, and we will reinstate your benefits. You must submit this document within 1 year of your release date.

## Do You Have Questions Or Need Assistance?

If you have any questions, call us toll-free by dialing 1-800-827-1000. Our TDD number for the hearing impaired is 1-800-829-4833. *If you call, please have this letter with you.*

Sincerely yours,

*T. O'Brien*

T. O'BRIEN
Veterans Service Center Manager

Email us at: boston.query@vba.va.gov

cc: DAV
ms