UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

WORCESTER DIVISION

| | |
|---|---|
| David E. Brown,<br><br>    Plaintiff,<br><br>-against-<br><br>Department of Veterans Affairs, and Thomas O'Brien,<br><br>    Defendants, et. al. | Civil Action No,: 05-40027-FDS |

PLAINTIFF' OPPOSITION TO DEFENDANTS
DEPARTMENT OF VETERANS AFFAIRS OPPOSITION TO
PLAINTIFF' MOTION TO AMEND THE COMPLAINT

The plaintiff moves this honorable Court for DISMISSAL of the Defendant's Department of Veterans Affairs opposition to plaintiff' motion to amend the complaint, defendant's Motion must be denied for the following reasoning;

The plaintiff is entitled as a matter of right to Amend his Complaint Because a Motion is not considered a pleading within the meaning of Rule 15 (See Rule 7(a), Federal Rule 15(a)) IF READ LITERALLY would permit plaintiff to Amend his pleading without leave of Court, even after the Court had granted a Motion to Dismiss to defendants or Motion for Summary Judgement.

The Court has not dismissed plaintiff Complaint pursuant the defendant's Motion to Dismiss for lack of Jurisdiction.

Most Federal Courts inclusive the First Circuit which have considered the matter have held that a Motion is not a pleading within the meaning of F. R. Civ. P. Rule 15(a), thus a mere filing of a Motion to Dismiss doe's not prevent the plaintiff from Amending his Complaint as a matter of right, See Keene Lumber Co. v. Leventhal, 165 F.2d 815 (1st Cir 1948).

Under the interpretation of Federal Rule 15(a) in KEENE Lumber, supra, the plaintiff has the RIGHT to one Amendment, without leave of Court, even though the defendant has filed a Motion to Dismiss the Complaint.

Plaintiff has requested the Court grant him 30 days time so that he may Amend his Complaint thus affording pro. se. plaintiff, opportunity to cure defects, See plaintiff' Motion for permission to Amend Complaint Rule 15(a) this doe's not burden the defendants position unduly that plaintiff have time period of 30 days for Amending purposes

Defendant's now lacking confidence in their Motion to dismiss for lack of Jurisdiction, upon realizing plaintiff Complaint with the Court doe's not bring in to question policy, procedures, regulations as the Direct result of plaintiff having not filed a Formal Veteran Claim for Benefits with the defendants would now seem to move the Court to deny plaintiff his right to Amend Complaint.

Plaintiff has not submitted Court and defendant copy of Amended Complaint because plaintiff seeks 30 days time to facilitate amending

Plaintiff, not the sharpest knife in the draw is working on the Amending of his Complaint as quickly as his lack of skill will move him.

The second part of Rule 15(a) deals with amendments by leave of Court or by written consent of the adverse party, Rule 15(a) specifically provides that "leave shall be freely given when justice so requires" In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.E.d. 2d 222 (1962), the Court strongly reaffirmed this mandate.

WHEREFORE, the above-reasoning plaintiff moves the Court to deny Defendant's Department of Veterans Affairs Opposition to Plaintiff' Motion to Amend the Complaint and allow as justice demands the plaintiff 30 days to Amend his Complaint.

Dated  05-18-05

Respectfully Submitted

David E. Brown, pro. se.
500, Colony Road
Gardner, Ma.  01440

CERTIFICATE OF SERVICE

i, certify that on May 18, 2005 a true copy of this motion is mailed the defendants Attorney of Record by first class pre-paid postage,

David E. Brown,

3.