UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

++++++++++++++++++++++++++++++++++++++++ §
David E. Brown, §
        Plaintiff, § Civil Dkt. No.: 05-40027-FDS
§
-against- §
§
§ MOTION, TO ALLOW ENTRY THE DOCKET
Department of Veterans Affairs § 'ADMISSIONS EXHIBIT' IN SUPPORT
Administration, and §
Thomas O'Brien, Veterans § OF PLAINTIFF' OPPOSITION Re: 8
Service Manager, (in his § DEFENDANT' MOTION TO DISMISS FOR
Official Capacity) § LACK OF JURISDICTION R. 1@(b)(1)
§
        Defendants, et. als. §
++++++++++++++++++++++++++++++++++++++++ §

    Here comes plaintiff' in the above-entitled action and Motion, to allow entry the docket 'Admissions Exhibit' in support of plaintiff' opposition, Re: 8, defendant' Motion to dismiss for lack of Jurisdiction, R. 12(b)(1), reasoning;

BACKGROUND

    Defendant's erroneously miss-represented relevant material fact's within R. 12(b)(1) Motion to Dismiss for lack of Jurisdiction, SEE defendant Motion to Dismiss page #3 at, 'ARGUMENT' A.;

> [P]laintiff'S Claims Against the VA Are Barred in the District Court By 38 U.S.C. § 511 Because They Seek Review of VA's Determination in An Individual Benefit Claim

    Plaintiff' counters Jurisdiction is proper the District Court, First Action Questions the Constitutionality of Federal Veterans Benefit Statute The Sub-section (2) of 38 U.S.C. § 5313(2);

Secondly, plaintiff' avers he has not now or in the past filed with defendant (VA) an Individual Benefit Claim pursuant the Sub-section (2) of 38 U.S.C. § 5313(2) subject of law suite Jurisdiction;

Third, plaintiff' avers that defendant (VA) has not now or in the past made a determination of an Individual Benefit Claim that was never Filed by plaintiff' pursuant the Sub-section (2) of 38 U.S.C. § 5313(2);

Lastly, plaintiff' avers his Action filed the District Court pursuant the Sub-section (2) of 38 U.S.C. § 5313(2) undoubtedly cannot be seeking review (the Court) of nonexistent Formal Benefits Individual Claim filing or review nonexistent Determination of same by Department of Veterans Affairs Administration.

## 'ADMISSIONS EXHIBIT'

Plaintiff' 'Admissions Exhibit' demonstrates the truth of Mr. Brown, Claims that Jurisdiction of Action is proper the District Court, not the Department of Veterans Affairs Administration, Please See attached herewith Plaintiff' first set of Admissions propounded the Defendant Rule 36(a)(b). ADMISSIONS No.1, 2, and 3.

Plaintiff' mailed defendant' Admissions request on June 13, 2005.

Defendant failed to Admit or Deny the truth of Admissions request within 30 Days time.

Defendant failed to set forth in detail why the answering party cannot Admit or Deny 'Admissions' matters.

Defendant failed to submit plaintiff' written objections addressing 'Admissions' matters.

2.

As a direct result of defendants failure to respond 'Admissions' Discovery within 30 days the plaintiff deems all matters within 'Admissions' as ADMITTED by Defendants.

WHEREFORE, the above-reasoning plaintiff' moves the Court by Motion to allow entry the docket 'Admissions Exhibit' in support of plaintiff' opposition Re: 8 defendant Motion to dismiss for lack of Jurisdiction Rule 12(b)(1);

plaintiff' further requests Court Affirm 'Admissions' truth of all matters as ADMITTED by defendant, for failure to respond within 30 days.;

AFFIRM Jurisdiction of Actions subject matter is proper the District Court, not the Department of Veterans Affairs.

Dated; 07-17-05

Respectfully,

David Brown, plaintiff'
500, Colony Road
Gardner, Ma.  01440

CERTIFICATE OF SERVICE

I, hereby certify that on this day a true Copy of this Motion absent attachment is served upon the defendants Attorney of Record by first Class mail postage pre-paid,

Dated: 07-17-05

Signature,

David E. Brown

3.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| David E. Brown,<br>    Plaintiff,<br><br>-against-<br><br>Department of Veterans<br>Affairs Administration,<br>and Thomas O'Brien, Veterans<br>Service Manager, (in his<br>Official Capacity)<br>    Defendants, et. als. | § § § § § § § § § § § § § § § § § § | Civil No. : 05-400027-FDS<br><br>PLAINTIFF'S FIRST SET OF ADMISSIONS REQUEST REQUEST PURSUANT F.R.Civ.P. Rule 36(a)(b), ON THE DEFENDANT, DEPARTMENT OF VETERANS AFFAIRS ADMINISTRATION. |

    Pursuant to Federal Rules of Civil procedure Rule 36 (a)(b), THE plaintiff David E. Brown, propounds the following requests for 'Admission on the defendant, Department of Veterans Affairs Administration, the defendant is hereby requested to 'Admit' or 'Deny' the truth of the following numbered matters.

    Defendant, is advised that failure to respond to 'Admissions' request within (30) Days, will result in the Admissions herein being regarded by the Court as 'ADMITTED';

ADMISSION No. 1.

    Please Admit or Deny the truth of the following statement; the plaintiff David E. Brown, (V.A.) File# 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., is a party who has not filed now or in the past a FORMAL Veterans Benefits Claim with the Defendants, pursuant the Veterans Benefit available the Sub-section (2), of 38 U.S.C. § 5313(2).

ADMISSION No. 2.

Please Admit or Deny the truth of the following statements; The defendant, Department of Veterans Affairs Administration, has no record of a Veterans Benefit FORMAL Claim filing, by the plaintiff, David E. Brown, Veterans File No.: 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, pursuant specifically the Sub-section (2), of 38 U.S.C. § 5313(2) either now or in the past.

ADMISSION No. 3.

Please Admit or Deny the truth of the following statements; The defendant, Department of Veterans Affairs Administration, has never now or in the past, DENIED a FORMAL Veterans Benefits Claim of the plaintiff, David E. Brown, Veterans file number # 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, pursuant provisions of Sub-section (2) of 38 U.S.C. § 5313(2).

Dated 06-13-05

Respectfully submitted

David E. Brown, pro. se.
500, Colony Road
Gardner, Ma.  01440

CERTIFICATE OF SERVICE

I, hereby certify that on this day that a true copy of this request for Admission is served upon the attorney of record foe the Defendant, via pre-paid first Class postage.

Date 06-13-05                    Signature,

David E. Brown,