UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| David E. Brown,<br><br>    Plaintiff,<br><br>-against-<br><br>Department of Veterans Affairs Administration, and Thomas O'Brien,<br><br>    Defendants, et. al. | Civil Action No.: 05-40027-FDS |

PLAINTIFF' REPLY

TO

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER OF ADMISSIONS TO BE ADMITTED

The plaintiff' hereby opposes the defendants' opposition to plaintiff' Motion for Order of Admissions to be Admitted (Docket No.; 20).

Admissions Discovery <u>SEE</u> Admission Exhibits in support of plaintiff' opposition to defendants motion to dismiss Jurisdiction questioned (Docket No.: 17) are served upon defendants June of 2005, <u>SEE</u> Admissions Certificate of Service.

Defendants' have declined to respond to plaintiff' Discovery Admissions by failure to Admit or Denying the truth of the matters therein, defendants have not filed notice to plaintiff' of any objections regarding Admissions requested within 30 days of defendants' receipt of Admissions request.

Defendants have failed to file objections for a period of time now in access of 100 days, only now after plaintiff' filed Motion the Court seeking said Admissions Exhibit be Ordered as Admitted, oppose Admissions Exhibit filed the Court July 19. 2005, (Docket No.: 17).

Admissions Discovery Exhibit, is relevant information about case to help plaintiff' present a complete picture to the Court, request for Admissions will establish Prima Facie 'Facts' that District Court is proper Jurisdiction to hear plaintiff' Cause of Action, not the Department of Veterans Affairs Administration, Adjudication process procedures.

Admissions will establish that plaintiff' had not now or in the past filed a Formal Claim for Veterans Benefits pursuant 38 U.S.C. 5313(2) Sub-section, second Department of Veterans Affairs have not now or in the past ever Denied plaintiff' Claim for Veterans Benefits pursuant 38 U.S.C 5313(2) Sub-section, that he the plaintiff' never filed third plaintiff' questions the Veterans Benefit Legislative Act, alleging 38 U.S.C. 5313(2) Subjects plaintiff to disability based discrimination and on its face the Legislative Act is Un-Constitutional.

2.

Request for Admissions can be used any time during litigation the Discovery process is intended to work without the need for Court intervention, However the defendant now refuse to comply with the Discovery Admissions requested by plaintiff' as a Direct result plaintiff' is prevented the opportunity to provide the Court relevant 'Facts' to defend plaintiff' position that subject matter Jurisdiction is proper the District Court, Not Department of Veterans Affairs Administrat -ion.

Wherefore, the above-reasoning plaintiff' request the Court ORDER Admissions as Admitted or in the alternative ORDER the defendant' respond to plaintiff' Admissions request by Admitting or Denying the truth of matters therein.

Dated: 10/24/05

Respectfully submitted
David E. Brown, plaintiff'
500, Colony Road
Gardner, Ma. 01440

## CERTIFICATE OF SERVICE

I, certify that on this day a true copy of this reply document is served upon the defendants Attorney at his business address by first class pre-paid postage.

Dated: 10/24/05

Signature, David E. Brown

3.