UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| DAVID E. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-40027-FDS |
| ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS ADMINISTRATION, ) | |
| and THOMAS O'BRIEN, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY

The Defendant, Department of Veterans Affairs Administration, hereby opposes the plaintiff's Motion for Order Compelling Discovery (Docket No. 23). The plaintiff's current motion is part of a series of filings by the plaintiff designed to begin the discovery process prematurely before the Court has had a chance to rule on the Defendant's Motion to Dismiss for Lack of Jurisdiction. Despite having not receiving permission from the Court to serve written requests for admissions on the Defendant at this early stage of the litigation, the plaintiff is now determined to compel the Defendant to answer those written requests. Apparently, the Defendant believes that the admissions have some bearing on the Defendant's Motion to Dismiss for Lack of Jurisdiction. However, the requests for admissions, even if admitted (which they are not), are utterly irrelevant to the arguments raised in the Defendant's Motion to Dismiss for Lack of Jurisdiction. Therefore, the Court should deny the plaintiff's Motion for Order to Compel the Defendant to answer written interrogatories.

The plaintiff contends in his Complaint that the Veteran's Benefits Statute, 38 U.S.C. § 5313(2) is unconstitutional as applied to him. The plaintiff raises a constitutional challenge under the Equal Protection Clause of the Fourteenth Amendment as to the application of 38 U.S.C. § 5313(2) to him. In essence, the plaintiff claims that he would be entitled to veteran's benefits if he were entitled to participate in a work release program. However, because of his complete disability, he is unable to receive full benefits despite his eligibility. Therefore, his logic continues, the Veteran's Benefits Statute is unconstitutional as applied to him. Pursuant to 38 U.S.C. § 511, plaintiff's complaint is jurisdictionally barred from the District Court and should be dismissed.

The Veterans' Benefits Act of 1957, Pub. L. No. 85-56, 71 Stat. 83, as amended by the Veterans Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988) (hereinafter "VJRA"), precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits. 38 U.S.C. §511(a). Section 511(a) provides in pertinent part that:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.[1]

In the leading case interpreting the statute prior to its amendment in Pub. L. No. 100-687, *Johnson v. Robison*, 415 U.S. 361, 369-73 (1974), the Supreme Court recognized Congress' two-

---

[1] The only exceptions to preclusion of review specified at 38 U.S.C. § 511(b) are challenges to rulemaking under 38 U.S.C. § 502, certain insurance questions under 38 U.S.C. §§ 1975 and 1984, matters relating to housing and small business loans under 38 U.S.C. ch. 37, and review of Board of Veterans' Appeals decisions in the Court of Appeals for Veterans Claims under 38 U.S.C. ch. 72. None of these exceptions applies in this case.

fold purpose in enacting what is now section 511.  That purpose is, first, to ensure that veterans' benefit claims will not burden the courts and the VA with expensive and time-consuming litigation, and second, to ensure that the technical and complex determinations and applications of VA policy regarding such claims will be adequately and uniformly made.  The legislative history of the statute demonstrates that "Congress intends to exclude from judicial review all determinations with respect to noncontractual benefits provided for veterans and their dependents and survivors."  H.R. Rep. No. 1166, 91st Cong., 2d Sess. 11, reprinted in 1970 U.S.C.C.A.N. 3723, 3731.

The plaintiff is vehemently trying to assert that he never filed a formal administrative claim.  Presumably, the plaintiff believes that if he never filed a formal administrative claim with the VA, then 38 U.S.C. §511 does not apply to his complaint.  The plaintiff is wrong.  In fact, the plaintiff's complaint seeks the award of his full disability compensation retroactively from the date he became otherwise eligible for work release.  *See* Complaint at ¶¶ E -G.  The plaintiff cannot get around the jurisdictional bar created by 38 U.S.C. §511(a) by bringing a constitutional challenge that is simply a claim for benefits in disguise.  The First Circuit has stated that "a party may not avoid an unambiguous no judicial review provision simply by asserting a challenge 'cloaked in constitutional terms.'"  *Jordan Hospital v. Shalala,* 276 F.3d 72, 78 (1st Cir 2002).  There can be no doubt that the plaintiff's motivation is to receive the benefits to which he believes he is entitled.  However, plaintiff must seek those benefits with the Veteran's Administration and not with this Court.  Whether the plaintiff has filed a formal administrative complaint does not change the fact that the plaintiff is now before this Court seeking his Veteran's Benefits.  The plaintiff has simply "cloaked" his claim for benefits in constitutional

3

terms. *See id.* There is simply no need to compel discovery on this issue because it is not relevant and, even if true, does not change the fact that the plaintiff is before this Court to get his Veteran's Benefits. Moreover, the plaintiff's assertion that he never filed an administrative complaint only bolsters the Defendant's Motion to Dismiss because the plaintiff admits he did not exhaust his administrative remedies.

Because the Court has correctly not allowed the plaintiff's Motion for Order of Admissions To Be Admitted (Docket No. 19), the Court should not now compel the Defendant to answer. Furthermore, the defendant would request that the Court order that the parties not engage in any discovery until the Court has had the opportunity to rule on the pending Motion to Dismiss. Moreover, even if the admissions were answered, they have no bearing on the fact that plaintiff is now pursuing his claim for individual benefits in this Court in violation of 38 U.S.C. § 511. In fact, the plaintiff's repeated assertions that he has never filed a formal administrative complaint is an additional reason for this Court to dismiss the plaintiff's Complaint for failure to exhaust his administrative remedies.

Therefore, the defendants' request that the Court deny plaintiff's Motion for Order Compelling Discovery (Docket No. 23).

>   Respectfully submitted,
>   MICHAEL J. SULLIVAN
>   United States Attorney
>
>   By:   /s/ Jeffrey M. Cohen
>         Jeffrey M. Cohen
>         Assistant U.S. Attorney
>         U.S. Attorney's Office
>         John Joseph Moakley U.S. Courthouse
>         1 Courthouse Way, Suite 9200
>         Boston, MA 02210

Dated: November 4, 2005             Tel. No. (617) 748-3100

CERTIFICATE OF SERVICE

      I certify that on November 4, 2005, I caused a copy of the foregoing document to be served on Plaintiff by first class mail, postage pre-paid to David E. Brown, 500 Colony Road, Gardner, MA 01440.

      /s/ Jeffrey M. Cohen
      Jeffrey M. Cohen
      Assistant U.S. Attorney