UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

WORCESTER DIVISION

David E. Brown,
Plaintiff,

vs.

Department of veterans Affairs Administration, and Thomas O'Brien, et. al.

Civil Case No.: 05-40027-FDS

PLAINTIFF' REPLY

TO

DEFENDANTS' OPPOSITION TO PLAINTIFF' MOTION FOR ORDER COMPELLING DISCOVERY

(Admission)

Defendants' current Motion is part of a series of avant-garde filings by the defendants' expressly designed to wholly avoid responsive pleading to a Two paragraph, plain statement, Discovery Admissions request;

Defendants' take a position that plaintiff' request for Discovery Admission, Two plain statement paragraph's should not at this juncture of litigation be entertained, while defendants' Motion to dismiss (Rule 12 (b)(1)), for Lack of Jurisdiction, is pending ruling the Court;

Defendants' are vehemently opposed to plaintiff' seeking an 'Admissions' evidence defensive retort of the defendants' Motion to dismiss (Rule 12(b)(1), For Lack of Jurisdiction allegation;

Defendants' reply to the plaintiff' Two plain statement Admission Discovery will demonstrate the Court, that Jurisdiction of plaintiff' Complaint is proper the District Court, not Department of Veterans Affairs Administrative procedures;

+ + +

Request for Discovery Admission, can be used any time during Litigation, once requests for Admissions are served, the opposing party has thirty (30) days to answer or object, if no response is made the request is deemed "Admitted', if objection is made to a request it must specifically state reasons for objections;

The plaintiff' initial first request of the defendants' for reply Discovery Admission, Two plain statement paragraph's is mid June of 2005., The defendants' failed to either answer, object or as the Court for extension of time which to reply Admission requested within thirty (30) days of their Admission request receipt June of 2005.;

After (30) day responsive period for Admission expired, the plaintiff' on july 19, 2005, filed the Court (Docket #17), Motion for leave to file these unresponded to Admissions as Exhibits, in support of plaintiff' Opposition to defendants' Motion to dismiss, (Rule 12(b)(1)) For Lack of Jurisdiction allegation, defendants' have not opposed the plaintiff' filings of these Admissions as Exhibit (Docket #17).;

+ + +

The plaintiff' contends in his Complaint that Veterans Benefit Statute 38 U.S. § 5313(2) is unconstitutional raising Constitutional challenge under The Property and Equal Protection Clauses of the 14th Amendment, additionally that Veterans Benefit Statute 38 U.S.C. § 5313(2) under construction inflicts Disability based or otherwise Discrimination deprivations;

The Statute Subsection(2) of § 5313(2), (in pert) requires of plaintiff' "Participating" in a Work-Release program, condition post plaintiff' full disability benefits reinstatement that are first lawfully reduced to as lesser amount as a result of Conviction and sentence for Felony pursuant requirements Subsection (1) of § 5313(1);

However the plaintiff is unable to obtain or maintain employment opportunities as a Direct result of his service Connected Disability (PTSD) that is rated by the defendants as 100% Debilitating in severity plaintiff' is adjudicated by the defendants as 'Individually Unemploy-able' The plaintiff' is unable to access the Statutory 'Program' and benefits there-of that he is 'Otherwise Qualified' for receipt of solely as a direct result of his Disability limitations nexus;

Department of Veterans Affair Administration remedies are inadequate or futile while VA can issue policy and Federal Regulations effecting Veterans Benefits the can not declare and effect changes or Amendment of Federal Legislative Statutory Act 38 U.S.C. § 5313(2), found to be unconstitutional effecting the public good.;

The defendants' contend that pursuant 38 U.S.C. § 5 511(a), formally Codified as § 211(a), That plaintiff' Complaint is Jurisdictional Barred from review the District Court and should be dismissed;

The Veterans Benefit Act of 1957, (Amended) Pub.L. No. 100-687, 102 Stat. 4105 (1988), precludes Judicial review in Article III Courts of (EMPHASIS ADDED) VA decisions effecting the provisions of Veterans Benefits 38 U.S.C. § 511(a), formally § 211(a);

Plaintiff' Complaint doe's not seek judicial review the District Court of any VA Decisions effecting provisions of Veterans Benefits, Veterans Administration has not made any Administrative decisions Regarding the plaintiff' and Veterans Benefit 'Statute' 38 U.S.C. § 5313 (2), VA Jurisdiction doe's not reach far enough to encompass the Statutory scheme;

Plaintiff' has exhausted all Administrative remedy available the Department of Veterans Affairs by the filing of an Informal Claim for Veterans Benefits pursuant 38 C.F.R. § 3.155. regarding the Statute 38 U.S.C. § 5313(2), the plaintiff' claimant contends that Constitutionality of Veterans Benefit Statute § 5313(2) is Question is receipt by VA 12/19/04, plaintiff' claimant contended Statute § 5313(2), subjects claimant to Disability based or otherwise Discrimination injury See. VA letter in response attached herewith;

plaintiff' purpose in filing of Informal Claim for Benefits with VA is to inform VA that Statute 38 U.S.C. § 5313(2) inflicts upon plaintiff' claimant Constitutional deprivations and Disability based Discrimination injuries, thus providing VA NOTICE THERE-OF;



**DEPARTMENT OF VETERANS AFFAIRS**
**VA Regional Office**
**JFK Federal Building**
**Government Center**
**Boston MA 02203**

MAR 2 9 2004

In Reply Refer To: 301/21
CSS 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
BROWN, D E

DAVID E BROWN
397 GRAFTON ST
SHREWSBURY MA 01545

Dear Mr. Brown:

We are responding to your letter of 03/05/04.

To be eligible for restoration of full VA benefits, you must be released or participating in a work release program. Since you are eligible for work release, but are not actually in work release, we consider you still as incarcerated and you remain entitled to only 10% benefits.

Once you are actually released, submit an official document from the Correctional Facility, and we will reinstate your benefits. You must submit this document within 1 year of your release date.

## Do You Have Questions Or Need Assistance?

If you have any questions, call us toll-free by dialing 1-800-827-1000. Our TDD number for the hearing impaired is 1-800-829-4833. *If you call, please have this letter with you.*

Sincerely yours,

*T. O'Brien*

T. O'BRIEN
Veterans Service Center Manager

Email us at: boston.query@vba.va.gov

cc: DAV
rns