UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| David E. Brown,<br><br>　　　　Plaintiff,<br><br>　-against-<br><br>Department of Veterans Affairs Administration, and<br>Thomas O'Brien,<br><br>　　　　Defendants, et. al. | Civil Case No.; 05-40027-FDS |

## MOTION FOR JUDICIAL INQUIRY

## ATTORNEY MIS$-CONDUCT VIOLATION FEDERAL RULE CIVIL PROCEDURE RULE 11(a)

Here comes plaintiff' in the above-captioned matter, hereby Motion for Judicial Inquiry Alleged Attorney mis-conduct in Violation of Federal R.c.p. Rule 11(a)., aforesaid reasoning;

Dependants' Attorney Jeffrey M. Cohen, Assistant U.S. Attorney, Business address Federal Courthouse, One Courthouse Way, Suite 9200, Boston, Ma. 02210., Wittingly or willingly promote false, groundless defensive allegations within Motion to Dismiss Rule 12(b)(1) For Lack of Jurisdiction; See at last paragraph, page #6 ". . . his suit (The plaintiff) was premised on the denial of Benefits, and therefore must be redressed by the Court of Veterans Appeals" . . . ,;

Counsel Mr. Cohen, Knowingly, Willfully averred 'Faulse' 'Groundless' Answer filing the Court. Counsel filed Rule 12(b)(1) Answer, Motion to dismiss for lack of (Subject matter) jurisdiction, creating false, groundless, empirical knowledge allegation of relevant, Material Fact issue, that Counsel could not affirmatively belief have as basis in truth of fact,: " . . . his suite (Plaintiff) was premissd on the denial of Benefits. . . ,"

Counsel Mr. Cohen, Knew or should have known, plaintiff' suite is not premised on the denial of Benefits visa-vis the V.A. defendants' as there were no 'Formal' Benefits Claim filings by plaintiff' with defendant' V.A. or any denial of Veteran Benefit Claim, that was never filed;

Counsel did not merely mis-state an important material fact, Mr. Cohen, deliberately manufactured false, groundless averment ". . . his suite was premised on denial of Benefits. . . ,", that if Court would be of belief were true, Court would rightly act to dismiss plaintiff' suite for Lack of (Subject matter) Jurisdiction;

Counsel Mr. Cohen, has Violated Federal Civil Rule 11(a), The Rule 11(a) prescribes no specific sanctions against the offending Attorney. Violations of the Rule would probably constitute a breach of DR-7-102(A) and (B), American Bar Association Code of Professional Responsibility, it would also transgress attorneys' oath, to do no falsehood, nor consent to the doing of any in Court;

The United States Court of Appeals for the First Circuit has indicated unmistakably that a defendants' attorney violates the Rule 11(a) when Counsel files "an answer creating issues that Counsel doe's not affirmatively believe have a basis", <u>Arena v. Luckenbach Steamship Co.</u> 279 F. 2d 186, 188-189 (1st Cir. 1960);

WHEREFORE, plaintiff pursuant to Judicial inquiry, Attorney miss-conduct Motion allowed, Violation Federal Rule Civil Procedure rule 11(a), the Judicial Inquiry opinion should be filed separately in the office of the Clerk of this Court, and annexed against the name of defendants Attorney Mr. Cohen, so that in the event that his professional conduct in any other connection shall become a subject of inquiry, this case and this record can be referred to for such instruction as it may yield.

Dated: 11, 20, 05

Respectfully submitted
David E. Brown, pro. se.
500, Colony Road
Gardner, Ma.  01440

## CERTIFICATE OF SERVICE

I, hereby certify that on this day a true copy of this document is mailed pre-paid first class postage the Attorney of Record Mr. Cohen,

Date: 11, 20, 05

Signed, 
David E. Brown.

3.