UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

|  |  |  |
|---|---|---|
| DAVID E. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-40027-FDS |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS ADMINISTRATION, and THOMAS O'BRIEN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL INQUIRY REGARDING ATTORNEY MISCONDUCT AND MOTION BY DEFENDANT FOR RELIEF FROM FURTHER FILINGS**

The Defendant, Department of Veterans Affairs Administration, hereby opposes the plaintiff's Motion for Judicial Inquire Regarding Attorney Misconduct (Docket No. 28). The plaintiff's attack on opposing counsel and allegation of misconduct is unsupported and utterly frivolous. The plaintiff argues in his motion that by Defendant writing in its Motion to Dismiss for Lack of Subject Matter Jurisdiction that "his suit was premised on the denial of benefits, and therefore must be redressed by the Court of Veteran's Appeals" counsel for the Defendant violated Fed. R. Civ. P. Rule 11. Ironically, the plaintiff fails to mention that the quote he bases his motion upon was not a statement about this case, but rather taken from a parenthetical describing the holding in *Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995). The full parenthetical states that the Court in *Zuspann*, in "refusing to assert jurisdiction, the court reasoned that although plaintiff constructed his claim as a constitutional violation of the Rehabilitation Act and the Fifth Amendment, his suit was premised on the denial of benefits, and

therefore must be redressed by the Court of Veteran's Appeals, and any subsequent appeal shall be heard by the U.S. Circuit Court for the Federal Circuit." The quotation cited repeatedly by the plaintiff as a "false" and "groundless" allegation was actually an accurate statement of the Fifth Circuit's ruling. However, in his zeal to attack counsel for the Defendant, the plaintiff himself mis-represented to this Court that a statement was deliberately false when it was, in fact, taken out of context by the plaintiff in order to sully the reputation of opposing counsel. The Defendant's Motion to Dismiss does not have any material misstatements of fact. Rather, the entire fact section of the Motion to Dismiss is based upon the allegations of the plaintiff's complaint. Virtually every sentence has a direct citation to a paragraph in the plaintiff's complaint. Without distorting the Defendant's words, the plaintiff cannot point to a scintilla of attorney misconduct by the Defendant.

The plaintiff is vehemently trying to assert that he never filed a formal administrative claim. The plaintiff believes that if he never filed a formal administrative claim with the VA, then 38 U.S.C. §511 does not apply to his complaint. The plaintiff is wrong. The plaintiff's complaint seeks the award of his full disability compensation retroactively from the date he became otherwise eligible for work release. *See* Complaint at ¶¶ E -G. The plaintiff cannot get around the jurisdictional bar created by 38 U.S.C. §511(a) by bringing a constitutional challenge that is simply a claim for benefits in disguise. The First Circuit has stated that "a party may not avoid an unambiguous no judicial review provision simply by asserting a challenge 'cloaked in constitutional terms.'" *Jordan Hospital v. Shalala,* 276 F.3d 72, 78 (1st Cir 2002). There can be no doubt that the plaintiff's motivation is to receive the benefits to which he believes he is entitled. However, plaintiff must seek those benefits with the Veterans Administration and not

with this Court. Whether the plaintiff has filed a formal administrative complaint or not does not change the fact that the plaintiff is now before this Court seeking his benefits. The plaintiff has simply "cloaked" his claim for benefits in constitutional terms. *See id.* Moreover, the plaintiff's assertion that he never filed an administrative complaint only bolsters the Defendant's Motion to Dismiss because the plaintiff admits he did not exhaust his administrative remedies.

In plaintiff's zeal to assert that he has not filed a formal administrative claim, he has filed a litany of motions culminating now in accusations of misconduct by opposing counsel. In his efforts to besmirch the reputation of Defendant's counsel, the plaintiff has mis-characterized and taken out of context a quotation from Defendant's Motion to Dismiss. While the Defendant does not believe that the plaintiff is intentionally misleading the Court, the Defendant should not have to continuously respond to these serial filings and unfounded accusations. Therefore, the Defendant respectfully moves this Court for an order requiring the plaintiff to obtain leave from the Court before making any further filings in this litigation. In the alternative, the Defendant requests that the Court excuse the Defendant from having to respond to the plaintiff's filings until further order from the Court or until the Court rules upon the Defendant's pending Motion to Dismiss for Lack of Subject Matter Jurisdiction.

        Respectfully submitted,
        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Jeffrey M. Cohen
       Jeffrey M. Cohen
       Assistant U.S. Attorney
       U.S. Attorney's Office
       John Joseph Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210

Dated: November 25, 2005        Tel. No. (617) 748-3100

CERTIFICATE OF SERVICE

    I certify that on November 25, 2005, I caused a copy of the foregoing document to be served on Plaintiff by first class mail, postage pre-paid to David E. Brown, 500 Colony Road, Gardner, MA 01440.

                                         /s/ Jeffrey M. Cohen
                                         Jeffrey M. Cohen
                                         Assistant U.S. Attorney