UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID E. BROWN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. |
| DEPARTMENT OF VETERANS ) | 05-40027-FDS |
| AFFAIRS and THOMAS O'BRIEN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

This matter arises out of plaintiff's apparent inability to qualify for certain veterans benefits in connection with his military service-related disability. Plaintiff, proceeding *pro se*, contends that in failing to provide him full disability benefits, defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as well as the Fifth and Fourteenth Amendments of the United States Constitution. He also seeks a judgment declaring unconstitutional the portion of the Veterans' Disability Compensation and Housing Benefits Amendments of 1980 that is codified at 38 U.S.C. § 5313(a)(2).

Defendant Department of Veterans Affairs ("VA") has moved to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In response, plaintiff has moved to amend his complaint. While both motions were pending, plaintiff made a series of discovery-related motions, including a motion to compel the VA to respond to plaintiff's request for admissions. In the course of opposing the motion to compel, the VA requested a stay of discovery until the motion to dismiss is decided.

For the reasons that follow, defendant's motion to dismiss will be denied without prejudice. Plaintiff's motion to amend will be granted, and plaintiff will be instructed to serve his amended complaint on the Court and all appropriate parties not already served within 10 days of this Order. In addition, plaintiff's motion to compel will be denied, and the Court will order a stay of discovery in this matter pending the resolution of the legal sufficiency of plaintiff's complaint.

**I.    Background**

    **A.    Factual Background**

The following are the facts as alleged in plaintiff's complaint. David E. Brown, a Vietnam War veteran, suffers from a military service-related disability known as Post-Traumatic Stress Disorder ("PTSD"). He was receiving benefits from the VA at a 100% disability rate, and was unable to maintain any gainful employment as a result of this disability.

In July of 1998, Brown was convicted of two felony counts of assault and battery with a dangerous weapon. He was incarcerated, and pursuant to 38 U.S.C. § 5313(a), his disability benefits were reduced from approximately $2100 per month to approximately $101 per month during his imprisonment.[1] Under § 5313(a)(2), full benefits may be reinstated upon his release

---

[1] Section 5313 states in relevant part:

> (a)(1) . . . any person who is entitled to compensation or to dependency and indemnity compensation and who is incarcerated in a Federal, State, or local penal institution for a period in excess of sixty days for conviction of a felony shall not be paid such compensation or dependency and indemnity compensation, for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, in an amount that exceeds--
>
> (A) in the case of a veteran with a service-connected disability rated at 20 percent or more, the rate of compensation payable under section 1114(a) of this title; or
>
> (B) in the case of a veteran with a service-connected disability not rated at 20 percent or more or in the case of a surviving spouse, parent, or child, one-half of the rate of compensation payable under section 1114(a) of this title.

from incarceration, participation in a work-release program, or residency in a half-way house.

Brown concedes that the initial reduction in benefits was lawful. His claim is based instead on the work-release provision of 38 U.S.C. § 5313(b). Brown contends that because he is within 18 months of release from incarceration, he is eligible to participate in a work-release program under Massachusetts law. However, his disability prevents him from participating in the program, and thus, he cannot qualify for a full reinstatement of his benefits.[2] In short, Brown contends that but for his disability, he would be able to participate in the work-release program and receive full disability benefits.

The complaint contains two formal counts: the first alleges a violation of the Rehabilitation Act; the second alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. Regarding the latter claim, Brown contends that 38 U.S.C. § 5131 is unconstitutional on its face.[3] Brown seeks various forms of relief, including payment of full disability benefits (retroactive to the date of his eligibility for work release), injunctive relief, and declaratory relief.[4]

### B. Procedural History

---

(2) The provisions of paragraph (1) of this subsection shall not apply with respect to any period during which a person is participating in a work-release program or is residing in a halfway house.

[2] Plaintiff asserts that Massachusetts does not contract with half-way houses for placement of inmates within 18 months of release from incarceration.

[3] The parties dispute whether the constitutional challenge is a facial challenge or an "as-applied" challenge. The Court will await plaintiff's amended complaint before addressing this issue.

[4] In opposing the VA's motion to dismiss, Brown contends he has also asserted a *Bivens* claim against defendant Thomas O'Brien. Assuming for present purposes that the complaint supports such a claim, plaintiff would ostensibly seek money damages as well.

The VA moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Brown then moved to amend his complaint "to cure deficiencies," but did not attach an amended complaint to his motion. The VA opposed the motion on the grounds that the Court had no basis to determine whether the amendments would cure the alleged jurisdictional defects or would instead be futile. In response, Brown apparently mailed a copy of the amended complaint to the Court. He contends that the amended complaint was not filed on the docket, but was instead returned to him by the clerk's office with instructions that he await a ruling on his motion to amend before filing the amended complaint. The record does not indicate whether Brown served the amended complaint on either of the defendants.[5]

## II.   Plaintiff's Motion to Amend the Complaint

Under Fed. R. Civ. P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." A motion to dismiss is not a "responsive pleading" within the meaning of this Rule. *See Keene Lumber Co. v. Leventhal*, 165 F.2d 815, 823 (1st Cir. 1948); *United States v. Newbury Mfg. Co.*, 123 F.2d 453, 454 (1st Cir. 1941); *see also Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993) (citing *Newbury Mfg. Co.*, 123 F.2d 453); Fed. R. Civ. P. 7 (distinguishing pleadings from motions). Defendant has not yet answered the complaint, or filed any other responsive pleading. Therefore, under these circumstances, leave to amend must be granted.

Plaintiff contends that his amended complaint is complete and that he is simply awaiting leave of court to serve it. Accordingly, the Court instructs plaintiff to serve a copy of the amended complaint on the Court, and any parties not already served, within ten days of this

---

[5] There also appears to be a dispute as to whether O'Brien was ever served with the initial complaint.

Order.

### III. Defendant's Motion to Dismiss

Without reaching the merits of defendant's motion to dismiss, the Court will deny the motion without prejudice. The government may either renew its motion or file a new motion upon the filing and service of plaintiff's amended complaint.

### IV. Discovery

Until the Court is satisfied that it has subject-matter jurisdiction in this case, any further discovery is premature. The Court will therefore issue a stay of discovery until the legal sufficiency of the complaint is resolved.

### V. Conclusion

For the reasons stated in the foregoing memorandum:

(1) Plaintiff's motion to amend the complaint is GRANTED;

(2) Defendant Department of Veteran Affairs's motion to dismiss is DENIED without prejudice to its renewal after filing and service of the amended complaint;

(3) Plaintiff's motion to compel discovery is DENIED;

(4) Discovery shall be stayed pending resolution of the legal sufficiency of Plaintiff's complaint.

It is further ordered that Plaintiff shall serve its amended complaint upon the Court, and any parties not previously served, within 10 days of this Order.

**So Ordered.**

/s/ F. Dennis Saylor

                                              F. Dennis Saylor IV
                                              United States District Judge

Dated:  January 11, 2006