UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| David E. Brown,<br><br>    Plaintiff,<br><br>-against-<br><br>Department of Veterans Affairs Administration, and<br>Thomas O'Brien, Veterans Service Manager, (is sued in his Official Capacity),<br><br>    Defendants, et. als. | Civil Case No.: 05-40027-FDS<br><br>AMENDED COMPLAINT |

INTRODUCTION

1.   The pro. se. plaintiff' suite is challenging the Constitutionality of the Statutory scheme, restricting Veteran Benefits. The Sub-section (2), Veteran Benefit Legislative Act, 38 U.S.C. § 5313(2). Since the suite challenges the Constitutionality of the Statute, 38 U.S.C. § 5313(2) and doe's not seek review of a decision arising from Administration of the Statute by the Department of Veterans Affairs Administration defendants, The subject matter Jurisdiction is proper, The District Court. Congress is supreme Lawmaking body [ U.S.C.A. Const. Art. 1 § 1 ] it is the Jurisdiction and duty The Court to invalidate those Congressional enactments found Violative of the Constitution, not Administrative agency defendant' Department of Veteran Affairs, hereafter denoted as (VA).

2.   The Veteran Benefit Legislative Act, 38 U.S.C. § 5313(2), is irrational bearing no relationship to theCongressional Legislative intent,legitimate Government end <u>ie</u>. Affording un-married Service Connected disabled Veterans, felony convicted and incarcerated " a monetary 'Stake' on their way out the prison gate to promote to perhaps set him or her on the correct path when he gets out so that perhaps he wont return to prison. . . . ," Source Legislative History Enacted Bill: 97 H.R. 7511, (Oct 7, 1980) the them 38 U.S.C. § 3113(2), Now Codified as 38 U.S.C. § 5313(2).

3.   Additionally pro. se. Veteran alleges that 38 U.S.C. § 5313(2) is under-construction by Congress subjects plaintiff' with Service Connected Disability of Post-Traumatic Stress Disorder, hereafter denoted as (PTSD) rated as 100% debilitating of severity, to disability based or otherwise discrimination, in Service, Program and Benefits, of Federal Financed entity (VA) Discrimination that is so unjustifiable as to be violative of "Equal Protection" component of United States Constitution Amendment 5, (Due Process) and (Property Clause).

4.   Exhaustion of Administrative remedies. The plaintiff bypassed Administrative remedy available the (VA) as the Case involved Legal issues that the Agency cannot decide <u>ie</u>. Constitutionality of Legislative Act, of Congress Statutory Scheme, 38 U.S.C. § 5313(2), (VA) adjudication are wholly 'inadequate' and 'futile'. The Veteras Board of Appeals, expressly disclaimed subject matter Jurisdiction to deside Questions of Constitutionality of Congressional enactments, as the matter is not within Jurisdiction Authorized 38 U.S.C. § 511, (Formerly § 211), <u>SEE</u>, Appeal of Sly, C-27-593-725, (May 10, 1973) Board of Veteran Appeals.

## JURISDICTION

5. Jurisdiction of Court is invoked pursuant 28 U.S.C. § 1331, in that this is a Civil Action arising under the Constitution of the United States.

6. Action questions the Constitutionality of Statutory scheme Veterans Benefit Legislative Act, 38 U.S.C. § 5313(2). Action doe's not Seek Review of (VA) Determination of An Individual Benefit Claim. There exist no 'Formal' Benefit Claim filing by the plaintiff' with the (VA) regarding Veterans Benefit Statute 38 U.S.C. § 5313(2).

7. Jurisdiction of District Court is proper Because 38 U.S.C. § 511, (Formerly § 211) "[d]oes not deprive a Federal District Court of Jurisdiction of a Suite Challenging the Constitutionality of the Statutory scheme, restricting or thus denying Benefits to Veterans" SEE. Johnson v. Robinson 415 US 361, 39 L ed 2d 389, 94 S ct 1160. Also SEE. Hernandez v. Veterans Administration 415 US 391, 39 L ed 2d 412. 94 S ct 1177, Since the Suite challenges the Constitutionality of the 'Statute' and doe's nor seek review of a decision arising from Administration of the Statute. SEE. Udall v. Tallman 380 US 1, 16, 13, Led 2d 616, 85 S Ct 792 (1965).

8. Constitutional Violations Claims are predicated upon the United States Constitution Amendment 14 § 1. (The Equal Protection Clause), "Equal Protection Component" of U.S. Const. Amendment 5, (Due Process Clause) and (Property Clause).

#.

3.

9. Plaintiff' claim for relief are predicated upon The Rehabilitation Act of 1973, (§ 504), 29 U.S.C. §§ 701 et. seq.

10. Plaintiff claims for relief are predicated upon "BIVENS" Action charged Thomas O' Brien, Veterans Service Manager, Official acting under color of Federal authority, Knew or should have Known he Violated clearly established Statutory Rights of which a reasonable person would have known, at the time the acts were committed Violated long established Anti-Discrimination Laws.

11. Jurisdiction of this Court is invoked to consider means by which plaintiff may obtain a binding declaration regarding his legal rights and legal obligations of defendants pursuant Federal Declaratory Judgement Act, 28 U.S.C. §§ 2201, 2202.

12. Court has Jurisdictional means by which plaintiff may obtain Compensatory 'Special Damages' the actual Dollar and Cent loss of plaintiff' full retro- active disability compensation reinstatement pursuant The Rehabilitation Act of 1973, (§ 504) and 'Punitive' Damages pursuant "BIVENS ACTION".

13. Plaintiff' Claim for Attorney Fee's and Costs are predicated upon The Rehabilitation Act of 1972, (§ 504) and Title 38 U.S.C. §§ et. seq. Which authorize award of costs to prevailing party.

### VENUE

14. Venue is proper in the Courts Centeral Division Worcester Federal Officials are sued in their Official Capacity for Declaratory and Injunctive relief, events leading to Law Suite accured to plaintiff while confined as Prisoner 500, Colony Road, Gardner, Massachusetts 01440, in the County for Worcester.

15.     At all times relevant to this Action is plaintiff' David Brown, a Citizen of The United States, Incarcerated at N.C.C.I. Facility 500, Colony Road, Gardner, Massachusetts 01440. at all times relevant to allegations of this Action Mr. Brown was rated by the defendants (VA) as having a Service Connected Disability, for (PTSD) rated at 100% debilitating for purposes of "Individual Unemployability"

16.     At all times relevant to the allegations of this Action is th Defendant' Department of Veterans Affairs Administration, Regional Office, John Fitzgerald Kennedy, Federal Building, Government Center Boston, Massachusetts 02203.

17.     At all times relevant to this Action is defendant' Thomas O'Brien, Veterans Service Manager, he is sued for all causes of Action in his Official Capacity, his actions, failure to act constitute Federal Government action under Color of Law, his Business address is Department of Veterans Affairs, Government Center, Boston, Massachusetts 02203.

## FACTS

18.     Plaintiff' Mr. Brown, is a Viet-Nam, Combat Veteran, serving Honorably as a Marine Corps S-2 Scout, 2nd Battalion 9th Marine 3ed Marine Division, year 1969;

19.     As a direct result of plaintiff' combat experiences, he is suffered a Service Connected Disability of Post-Traumatic Stress disorder, (PTSD):

5.

20.    Defendant (VA), adjudicated plaintiff' disability of (PTSD) at 100% debilitating as a direct result of plaintiff inhability to 'Obtain or Maintain' employment,a 100% rating is assigned for plaintiff' "Individual Unemployability" nexus.;

21.    July of 1998, plaintiff is convicted and incarcerated for felony(s), Two Count Violation M.G.L. c.265 § 15A. Assaulting Two Brothers with a knife, sentenced to Eight to Ten years and Six years Probation Sentences are not Bar to Work-Release Eligibility;

22.    At the time of plaintiff' felony conviction and sentence Mr.Brown, was in receipt of Service Connected DISABILITY Compensation at the 100% Compensation rate. That compensation payment rate is Lawfully reduced effective the Sixty First day after sentencing, as a direct result of felony incarceration in excess of one year, to now a reduced monthly rate that is equal to the 10% compensation rate, Authority 38 U.S.C. § 5313(a)(1);

23.    Plaintiff' actual disability debilitation rating of 100% for purpose of "Individual Unemployability" remains un-effected;

24.    While plaintiff Mr.Brown, is and remains incarcerated he may seek from defendants; full disability compensation reinstatement the 100% rate, monthly monetary amounts, pursuant meeting either of Two Conditions of 38 U.S.C. § 5313(2), "[i]s Participating in a Work-Release Program or residing in a HALF_Way House.";

25.    Department of Correction Commonwealth of Massachusetts doe's not operate nor contract for use, any Half-Way House facility for their prison population, while they remain incarcerated, including Mr.Brown,;

26.     However, Mr. Brown, is now "ELIGIBLE" pursuant authority Massachusetts General Law c.127 § 49. to 'Participate' in a Work-Release Program, as Mr. Brown, meets States qualification requirement, that he be within Eighteen months of his "Parole Eligibility Date' that is August of 2005.;

27.     On December 30 2003, and March of 2004 then lastly on April 07, 2004. Defendants' Mr. O.'Brian, with defendant VA did receive 'Notification' from Mr.Brown, via "Informal Notice of Intention to File a Benefit Claim' SEE. U.S.C. 38, CFR § 3.155, Veteran Administration regulation of this procedure;

28.     Sole purpose of 'Notification' from Mr. Brown to defendants Mr. O'Brien and (VA) is to place defendants on 'Notice' of the following conditions now exist;

    (a).    Veterans Benefits Statute 38 U.S.C. § 5313(2). is under constructed by the congress, subjucting Mr. Brown to disability based or otherwise discrimination injury, with regard to Service, Program, and Befefits outherwise available the statute Sub-section (2) 38 U.S.C. § 5313(2).
    (b).    Mr.Brown, has a disability rated by (VA) as 100% of severity and as a result of his disability unable to obtain or to maintain employment opportunite, to participate in a Work-Release Program, and thus qualify pursuant Sub-section(2) for full rieinstatement of disability compensation amounts while he remains incarecerated that were first reduced per requirement of 38 U.S.C. § 5313(a)(1).
    (c).    Mr.Brown, further i'Informed ' defendants' et/. al. that he belief that the Statute provision that reqiuires of Mr. Brown, 'Participating' in a Work-Release Program.,subjects Mr. Brown, to deprivation of his Constitutional intitlement to "Equal Protection".
    (d).    Mr. Brown, demanded from defendants et. al. full disability compensation reinstatement begining the date he first became 'Eligible' per States Penal Statute for Work-Release May 1, 2004.

29.     Mr. Brown, first became Work-Release 'Eligible' pursuant M.G. Law c.127 § 49., on March 01, 2004.;

30.     Mr. Brown, has not now or in the past ever filed with defendants' a "Formal" Veterans Benefits Claim pursuant 38 U.S.C. § 5313(2) Sub-section as the Statute itself denies Mr.Brown the Benefits that he seeks and is otherwise entitled to were it not for under-construction by the Congress;

31.     The Defendant' et. al. have not now or in the past or will they ever make any Administrative decisions regarding plaintiff' and the Veteran Benefits available through 38 U.S.C. § 5313(2) as the plaintiff' has not filed with defendants' a "Formal" Claim for Veteran Benefits' pursuant subject matter of this Law Suite;

32.     Therefore, there are no conditions existing for a review of any Administration decisions by the (VA) regarding 38 U.S.C. § 5313(2) , and the plaintiff, that were never made;

33.     Defendant' Mr. O'Brien, and (VA). have full knowledge of conditions that 38 U.S.C. § 5313(2), that defendants are Statutory obliged to enforce, subjects plaintiff' the disability based or otherwise injuries in Service. Program and Benefits, that is contrary to long established Federal anti-discrimination Laws;

34.     The Statute, 38 U.S.C. § 5313(2) specific part there-of language "[i]S participating in a Work-Release Program" . . . , as a post condition to plaintiff' full disability compensation reinstatement, subjects Mr. Brown, solely by reason of his handicap (PTSD) nexus, to exclusion from participation in, be denied the Benefits of full disability compensation reinstatement while incarcerated;

35. The Statute 38 U.S.C. § 5313(2)., denies the 'Otherwise qualified' handicapped plaintiff' the same opportunity accorded other alike situated, who's disability are lesser severe of debilitating whom are not adjudicated 100% as a result of 'Individual Unemployability' as plaintiff' whom are medically fit to participate in Work-Release Program, having their full disability compensation amounts restored while remaining incarcerated;

36. The Statute, 38 U.S.C. § 5313(2), denies the 'otherwise qualified' handicapped Mr. Brown, an "Equal Opportunity" to achieve the same Veteran Benefits that others alike situated with lesser disability limitations achieve in the Veterans Benefit and Program, receiving Federal financial assistance;

37. The Statute 38 U.S.C. § 5313(2), is under-constructed by the Congress, fails to "Reasonably Accommodate" the needs of the plaintiff' with his disability rated at 100% debilitating who is "Individually Unemployable' to achieve the same Veteran Benefit opportunity other alike situated achieve in the Veteran Program and Benefits there-of, full compensation reinstatement;

38. Defendants' Thomas O'Brien, and (VA), have a statutory duty to protect plaintiff' from disability based or otherwise discrimination injury with regard to Services, Program, and Benefits, available Sub-section (2), 38 U.S.C. § 5313(2);

39. Defendants' Mr. O'Brien, and (VA), knew or should have known, that provisions 38 U.S.C. § 5313(2) that demands "Participating" in a Work-release Program, of Veterans whom are rated as 100% due to disability debilitation violate long standing well established anti-discrimination Federal Laws;

40.     Plaintiff' asserts defendants' Mr. O'Brien. and (VA)., are negligent of Duty, directly or proximate caused plaintiff' disability based or otherwise injury pursuant Services, Program, and Benefits, available the Sub-section (2), 38 U.S.C. § 5313(2);

41.     Defendants' Mr.O'Brien, and (VA) failure of their duty to protect Mr Brown, from discrimination injury. while defendants have no choice must comply with Statute 38 U.S.C. § 5313(2) under-constructed provisions, they can not hide behind a claim that the particular factual tableau in Question, disability based discrimination, in Services, Program, and Benefits of Public Entity has never appeared within reported opinions, if the application of settled principles to the factual tableau would inexorably lead to a conclusion of disability based discrimination in Service, Program, and Benefits, pursuant the under-constructed Veteran Benefit Statute 38 U.S.C. § 5313(2).;

42.     Defendants' have been enforcing provisions of Veteran Benefit Statute 38 U.S.C. § 5313(2) since it's enactment in the year 1980, as then codified as 38 U.S.C. § 1331(2) and knew or should have known enforcement of with regard to Veterans Rated as 100% disability debilitating inflicts disability based or otherwise discrimination upon their most needy Veterans but acted with deliberate ihdifferece taking no Administrative action through Congress to further construct Statute affording the most severely disabled Veterans Equal Access to Service, Program, and Benefits available Statute 38 U.S.C. § 5313(2).;

43.     Mr. Brown, has significant Constitutional entitlements deprivation at stake United States Constitution Amendment 5., "Equal Protection" component of Fifth, Amendments (The Due ProcessClause) and (Property Clause). Plaintiff' first 'Property interest' is in the Veteran Benefit Program, Second, 'Property interest' in in the Veteran Benefits itself, the actual dollar and cent value of full disability compensation reinstatement subject to conditions of 38 U.S.C. § 5313(2) Mr. Brown, is further deprived of "Equal Protection" of "Due Process Clause";

44.     Mr. Brown, asserts he is deprived of "Equal Protection" component U.S. Const Amendment 5., (The Due Process Clause) and (The Property Clause), as a direct or proximate result of Act of Congress under-constructing the Statute 38 U.S.C. § 5313(2), Veteran Benefit Legislation;

45.     Mr. Brown, asserts a further construction of Statute 38 U.S.C. § 5313(a)(1)(2)., is clearly possible thus avoiding the Constitutional Question by providing provision for Work-Release Eligible Service Connected who are rated as a result of their Service Connection a 100% disability rating, that provision of Sub-section (2) 38 § 5313(2) requiring Participation in a Work-Release Program no apply with respect to any person rated by Department Veterans Affairs at  the 100% rate: debilitating for purposes of "Individual Unemployability';

46.     Undoubtabley a further construction of Statute 38 U.S.C. § 5313(2) would effectively cure disability based or otherwise discrimination in the Servives, Program, and Benefits in question;

11.

CLAIMS FOR RELIEF

COUNT ONE, THE REHABILITATION ACT OF 1973,
(§ 504), 29 U.S.C. §§ 701 et. seq.

47. Plaintiff' hereby incorporates by reference the allegations of paragraph one, through forty-six, of this Complaint as fully set forth herein these COUNT ONE;

48. Count One, is charged against the defendant, Thomas O'Brien, Veterans Service manager, in his official capacity, while acting under color of Federal Laws;

49. Count One, is charged against the defendant' - Department Of Veterans Affairs Administration, an agency of the United States of America;

50. Count One, is charged against the Veteran Benefit Statute 38 U.S.C. § 5313(2), in and of itself;

51. This Count One, is a Claim for Discrimination against the handicapped plaintiff' Mr. Brown, in Violation of The Rehabilitation Act of 1973, (§ 504), 29 U.S.C. § 794, which provides in relevant part:

> No otherwise qualified individual with handicaps
> in the United States, as defined in section 706
> (7) of this title, shall solely by reason of her
> or his handicap, be excluded from participation
> in be denied the benefits of or be subjected to
> discrimination under any programs recieving Federal
> financial assistance. . . ,

The Regulations implementing (§ 504) elaborate upon the meaning of non-discriminatory access to programs, Services, and Benefits for disabled individuals:

12.

> A recipient [ of Federal financial assistance] may not discriminate on the basis of handicap in the following ways directly or through contractual licensing, or other arrangements under any program receiving Federal financial assistance;
>
> (i)   Deny a qualified handicapped person the opportunity accorded others to participate in the program  recieving Federal financial assistance;
> (ii)  Deny a qualified handicapped person an equal opportunity to achieve the same benefits that others achieve in the program receiving Federal finincial assistamnce. . . ,
> (iv)  Deny a qualified handicapped person an equal opportunity to participate in the program by providing services  to the program.
>
> 28 C.F.R. § 42.503(b)(1).:

52.    Plaintiff' is a handicapped individual as defined by 29 U.S.C. § 706 (7)(B);

53.    Plaintiff' is an "Otherwise qualified individual" with respect to the Veteran services, program, and benefits he seeks, as he is a handicapped person who meets the essential eligibility requirements for receipt of such service, program, and benefits., The Statute 38 U.S.C. § 5313(2),. The Rehabilitation Act of 1973, (§ 504), 29 U.S.C. § 794.;

54.    Defendant' Department of Veterans Affairs Administration receives at all times material to this action, received direct Federal financial assistance;

13.

55. Mr.Brown, is suffered discrimination injuries as fully alleged herein these Count One, by the defendant' Department of Veteran Affairs Administration;

56. Mr.Brown, is suffered discrimination injuries as fully alleged herein these Count One, by the defendant' Thomas O'Brien, Veteran service manager, in his official capacity acting under color of Federal Law, was negligent of duty, knew or should have known his actions or failure to take action to prevent discrimination on account of disability;

57. Mr.Brown, is suffered disability based discrimination injuries as fully alleged herein these Count One, by the Statute 38 U.S.C. § 5313(2), under-construction;

58. Mr.Brown, solely by reason of his handicap, as fully alleged herein these Count One, is excluded from equal participation in is denied equal benefits of, is subjected to discrimination under programs, benefits, receiving Federal financial assistance, plaintiff' as a qualified handicapped individual an equal opportunity to achieve the same benefits that alike situated others achieve in the program receiving Federal financial assistance;

59. There are no adequate remedy available at Law;

## COUNT TWO
### BIVENS ACTION

60. Plaintiff' hereby incorporates by reference the allegations of paragraph one, through forty-six, with paragraphs forty-seven through fifty-nine of Complaint and Count One, as fully set forth herein these Count Two. "BIVENS";

61. Count Two, is charged against the defendant' Thomas O'Brien, Veterans service manager, in his official capacity, while acting under color of Federal Laws;

62. Defendant Mr.O'Brien, violated clearly established Federal anti- discrimination Statutory rights of Mr.Brown, as fully alleged herein Complaint and Count One, discrimination, which a reasonable person would have known, was un-lawful at the time the acts were committed, persons occupying responsible public position as Veterans service manager, Department of Veterans Affairs are expected to have knowledge of the basic unquestioned Federal Anti-discrimination rights of their disabled Veteran including plaintiff' Mr.Brown;

63. Mr.O'Brien, knew or should have known that the Veteran benefit Statute 38 U.S.C. § 5313(2), that requires of fully disabled Veterans 'Participating' in a Work-release Program, subjected as post condition to full disability compensation reinstatement, while remaining incarcerated subjected those Veterans with 100% disability ratings to disability based or otherwise discrimination injury in service, program, and benefits, of public financed agency via Department Veterans Affairs ADMINISTRATION, including plaintiff' Mr.BROWN,:

64. Mr.O'Brien, failed in his duty to take steps to prevent discrimination caused by under-constructed Statute 38 U.S.C. § 5313(2) resulting in uncounted numbers of Veterans suffering discrimination injuries, he had a duty to inform the Congress of such conditions, and did not;

15.

65. There are no adequate remedy available at Law;

## COUNT THREE

### CONSTITUTIONAL DEPRIVATION

UNITED STATES CONSTITUTION AMENDMENT 14 § 1, (EQUAL PROTECTION CLAUSE)

"EQUAL PROTECTION" COMPONENT OF U.S. Const. AMENDMENT 5, (DUE PROCESS CLAUSE)

(THE PROPERTY CLAUSE)

66. Plaintiff hereby incorporates by reference the allegations of paragraph One, through forty-six, of this complaint as fully set forth herein this COUNT THREE.

67. Count Three, is charged against the Statute 38 U.S.C. § 5313(2), Legislative Act, of Congress, in and of itself;

68. Mr.Brown, is subjected to wholly un-equal treatment by Legislative Act, 38 U.S.C. § 5313(2), with regard to service, program, and compensatory full Benefits that he seeks and is otherwise qualified f for receipt of, then those Veterans alike situated, who's disability severity are lesser a degree of medically debilitating nexus;

69. Plaintiff' is suffered Constitutional Deprivations of the "Equal Protection' component of Fifth Amendment, U.S. Constitution (The Due Process Clause) and (The Property Clause) as a direct result of under-constructed Legislative Act, the Veterans Benefit, 38 U.S.C. § 5313(2):

70. There are no adequate remedy available at Law;

### PRAYERS FOR RELIEF
### COUNT ONE, COUNT TWO, COUNT THREE

16.

WHEREFORE, pursuant the plaintiff' Claims for Relief, Count One, Count Two, and Count Three, are fully set-forth herein these <u>Prayers For Relief</u>.;

(A).    Plaintiff' request Declaratory Judgement for all Causes of Action alleged herein Complaint, for purposes of clarifying and settling all legal relations in issue and terminate and afford relief from uncertainty, insecurity and controversy giving rise to these proceedings;

(B).    Declare Veteran Benefit Statute 38 U.S.C. § 5313(2) is under-constructed by Congress, subjects Mr.Brown, to disability based or otherwise discrimination, in service program, and benefits, by public financed Federal Agency, The Department of Veterans Affairs Administration, Violates The Rehabilitation Act of 1973, (§ 504), 29 U.S.C. § 794, (i)(ii)(iv), 29 C.F.R. § 706(b)(1).;

(C).    DECLARE, reasonable accommodations be made by a further construction of Legislative ACT, 38 U.S.C. § 5313(a)(1)(2) to insure service connected disabled Veterans rated 100% for purposes of individual unemployable nexus, who are 'Eligible' for Work-release opportunity while incarcerated, but not actually participating in a Work-release Program, have equal opportunity access to full disability compensation reinstatement;

(D).    Declare defendants Mr.O'Brien, and (VA) are negligent of duty either directly or proximate caused Mr.Brown, disability based or otherwise discrimination, in services, program, and benefits. The defendants' et. al. knew or should have known, that Veteran Benefit Legislative Act 38 U.S.C. § 5313(2), they are obliged to enforce inflicted discrimination injuries on their most vulnerable disabled Veteran charges those rated by defendants as 100% debilitated rating;

(E).    Pursuant Violations The Rehabilitation Act of 1973, (§ 504), 29 U.S.C. §§ 701, et. seq., C.F.R. 749 (i)(ii)(iv). Declare, the the defendants, Department of Veterans Affairs Administration, AWARD, the plaintiff' his full disability compensation reinstatement retroactive from March 01, 2004., the date that plaintiff' first became 'Eligible' to participate in a Work-release Program, per Authorization authority Massachusetts General Law, c.127 § 48.;

(F).    Declare pursuant U.S. Const. Amend. 14 § 1. (Equal Protection Clause) Component of U.S. Const. Amend. 5., (Due Process Clause) and (Property Clause), that the Veterans benefit Legislative Act, 38 U.S.C. § 5313(2), requires a further Construction to cure Constitutional deprivations;

(G).    Enter permanent Injunctive Relief enjoining the defendants' et. al. there successors in office, their agents and employees' and all other persons in concert there-with, from taking or continuing any action which has the purpose or effect of denying disabled Veterans rated at 100% of debilitation, who are otherwise qualified, Work-release 'Eligible' incarcerated an equal opportunity to access the services, program, and benefits, of Veteran benefit Legislative act, 38 U.S.C. § 5313(2), and require that the defendants adopt a planned Amendment in conjunction with Veterans Service Organization, the Disabled American Veterans Of America, which will accommodate the needs of fully disabled plaintiff' with respect to equal opportunity to earn full restoration of disability compensation while incarcerated;

(H).    Pursuant "BINENS" AWARD punitive damages, to be paid the Disabled American Veterans Service Organization, Government Center Boston, to be used to continue to provide emergency services to area disabled Veterans and their family(s).;

(I).    Award, Compensatory 'Special' Damages to plaintiff, equal to actual Dollar and Cent amount of full disability compensation restoration beginning the date Mr.Brown, first became Work-release Eligible March 1, 2004, through May 1, 2007, the projected release from incarceration date of Mr.Brown.;

(J).    Award Attorney fees expenses and cost of suite;

(K).    Grant such other relief as the COURT MAY DEEM JUST AND equitable under like circumstances;

## JURY DEMAND

Absent, Declaratory Judgement the Court, the plaintiff' demands trial by Jury.

Dated: 01/15/06

Respectfully submitted

David E. Brown, pro. se.
500, Colony Road
Gardner, Ma.  01440

## CERTIFICATES OF SERVICE

I, hereby certify that on this day a true copy of Amended Complaint is served upon the Attorney of record, and is additionally served upon defendant Thomas O'Brien, at there addresses of record, by first class pre-paid postage.

Dated: 01/15/06                                          SIGNATURE,
                                                         David E. Brown,