UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| DAVID E. BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.: 05-40027-FDS |
| DEPARTMENT OF VETERANS AFFAIRS, and THOMAS O'BRIEN, | ) ) ) | |
| Defendants. | ) ) ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### INTRODUCTION

The defendants, Department of Veterans Affairs Administration ("VA") and Thomas O'Brien ("O'Brien"), submit this memorandum in support of their Motion to Dismiss on the grounds that the Amended Complaint fails to state a claim upon which relief can be granted because (1) the plaintiff is not eligible, by state statute, to participate in work release, (2) the Court lacks jurisdiction over the claims against the VA, and (3) the plaintiff cannot state a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971).

### BACKGROUND

The allegations of the amended complaint, construed in the light most favorable to the plaintiff, are as follows. The plaintiff is a veteran of the Marine Corp. and served honorably in Vietnam in 1969. Amended Complaint ¶ 18. As a direct result of plaintiff's combat experience in Vietnam, he suffers from a military service-related disability known as Post-Traumatic Stress

Disorder (hereinafter "PTSD").  Amended Complaint ¶ 19.  The plaintiff asserts that the VA adjudicated plaintiff's disability severe enough to prevent him from obtaining gainful employment.  Amended Complaint ¶ 20.

In July 1998, the plaintiff was convicted of two felony counts of assault and battery in violation of M.G.L. c. 265 § 15A.  Amended Complaint ¶ 21.  Apparently, the plaintiff attacked two brothers with a knife and received a sentence of eight to ten years and six years probation.  Amended Complaint ¶ 21.  Prior to his conviction, the plaintiff was receiving benefits at a 100% disability rate from the Veterans Affairs Administration in connection with his disability.  Amended Complaint ¶ 22.  Upon plaintiff's incarceration, his disability benefits were reduced to approximately a 10% disability rate.  Amended Complaint ¶ 22.  The plaintiff concedes that such benefits were lawfully reduced under 38 U.S.C. 5313.[1]  Amended Complaint ¶ 22.   However, plaintiff contends that because he is within 18 months of release from incarceration, he is therefore "eligible" to participate in a work release program pursuant to M.G.L. c. 127 § 49.  Amended Complaint ¶ 26.  Plaintiff further alleges that participation in work release would allow for the restoration of his full veterans benefits under 38 U.S.C. §5313(2).  However the plaintiff

---

[1] Section 5313 of Title 38 of the United States Code, entitled the "Limitation on payment of compensation and dependency and indemnity compensation to persons incarcerated for conviction of a felony," states in part:

> (a)(1) any person who is entitled to compensation or to dependency and indemnity compensation and who is incarcerated in a Federal, State, or local penal institution for a period in excess of sixty days for conviction of a felony shall not be paid such compensation or dependency and indemnity compensation, for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, in an amount that exceeds--(A) in the case of a veteran with a service-connected disability rated at 20 percent or more, the rate of compensation payable under section 1114(a) of this title. (2) The provisions of paragraph (1) of this subsection shall not apply with respect to any period during which a person is participating in a work-release program or is residing in a halfway house.

does not mention that M.G.L. c. 127 § 49 does not permit inmates convicted of assault and battery with a dangerous weapon, pursuant to M.G.L. c. 265 § 15A, to enter a work release program. M.G.L. c. 127 § 49 states in relevant part:

> The commissioner of correction . . . may permit an inmate who has served such a portion of his sentence or sentences that he would be eligible for parole within eighteen months to participate in education, training, or employment programs established under section forty-eight outside a correctional facility; **provided that no committed offender who is serving a life sentence <u>or a sentence in a state or county correctional facility for violation of section . . . 15A . . . of chapter 265 . . . shall be eligible to participate in education, training or employment programs outside a correctional facility</u>**, except on the recommendation of the superintendent of the correctional facility or superintendent of a county correctional facility on behalf of a particular committed offender and upon the approval of the commissioner or the administrator of a county correctional facility.

Despite the plain language of M.G.L. c. 127 § 49, the plaintiff asserts that because he is within 18 months of release from incarceration, he is otherwise eligible to participate in a work-release program. Amended Complaint ¶ 35. However, the plaintiff asserts that his disability prevents him from participating in the program, and thus, he cannot qualify for a full reinstatement of his benefits. Amended Complaint ¶ 36. In short, the plaintiff contends that but for his disability, he would be able to participate in the work-release program and receive full disability benefits. Amended Complaint ¶ 34; *see also* Memorandum and Order, dated January 11, 2006 at 3 (Docket No. 32).

The plaintiff also asserts that on December 30, 2003, March 2004, and April 7, 2004 he filed an "Informal Notice of Intention to File a benefit Claim," pursuant to CFR § 3.155. Amended Complaint ¶ 27. The plaintiff hs not filed a "Formal" claim for benefits. Amended Complaint ¶ 31.

The Amended Complaint is has two defendants: the Department of Veterans Affairs Administration and Thomas O'Brien, the Veterans Services Manager, in his official capacity.

The Amended Complaint has three counts.  Count I alleges a violation of the Rehabilitation Act of 1973 against both defendants (O'Brien in his official capacity).  Amended Complaint ¶¶ 47-49.  Count II asserts a "Bivens" claim against O'Brien, in his official capacity.  Amended Complaint ¶¶ 62-63.  Count III alleges a violation of the Fifth and Fourteenth Amendments to the United States Constitution.[2]

## ARGUMENT

**I.   The Plaintiff's Amended Complaint Does Not State A Claim Because He Is Not Eligible To Participate In Work Release Under The Massachusetts Work Release Statute**

The plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted because, as explained below, the plaintiff is ineligible to participate in a work release program (even if he were not disabled) under the Massachusetts statute authorizing work release.  *See* M.G.L. c. 127 § 49 (stating that no inmate serving a sentence for violation of M.G.L. c. 265 § 15A can participate in work release except under special circumstances).  Since the plaintiff is ineligible for work release because of the crime he committed, and not his disability, the Amended Complaint is entirely without merit.

The plaintiff states several times in his Amended Complaint that he is "eligible" to participate in work release.  Amended Complaint ¶¶ 26, 29.  The plaintiff seems to believe he is "eligible" for work release simply because he is eligible for parole within eighteen months.  However, the Massachusetts statute that authorizes the work release program specifically

---

[2] The plaintiff's decision to cite the Fifth and Fourteenth Amendments is apparently to capture the Equal Protection Clause of the Fourteenth Amendment into his Amended Complaint.  Where the federal government makes a classification which, if it were by a state, would violate the Fourteenth Amendment's Equal Protection Clause, the Court has treated this as a violation of the Fifth Amendment's Due Process Clause.  *See Bolling v. Sharpe*, 347 U.S. 497 (1954).  Of course, the plaintiff does not allege any Constitutional violation against the Commonwealth of Massachusetts.  Therefore, the Fourteenth Amendment does not apply to this case.

disqualifies certain inmates from participating in work release. *See* M.G.L. c. 127 § 49. For instance, inmates serving life sentences are not allowed to participate in work release, nor are certain sex offenders. *See id.* In addition, any inmate, such as the plaintiff, convicted of violating M.G.L. c. 265 § 15A (assault and battery with dangerous weapon) is not eligible to participate in work release without meeting special circumstances. As explained below, the plaintiff cannot meet those special circumstances.

The plaintiff asserts in his Amended Complaint that he was convicted of two counts of violating M.G.L. c. 265 § 15A (assault and battery with a dangerous weapon). Amended Complaint ¶ 21. Although plaintiff baldly asserts that his convictions are not a bar to work release eligibility, the plain language of the statute states that he is ineligible without the "recommendation of the superintendent of the correctional facility" and the "approval of the commissioner." M.G.L. c. 127 § 49. The plaintiff cannot and does not allege that he has the recommendation of the superintendent or the approval of the commissioner in his Amended Complaint. In fact, the plaintiff <u>cannot</u> be recommended or approved for work release. Under Massachusetts Department of Corrections regulations, to be approved for work release, an inmate must be "pre-release eligible." 103 Code of Massachusetts Regulations (CMR) 464.09. The plaintiff is not pre-release eligible because the plaintiff is incarcerated at North Central Correction Institution (NCCI), which is a Level 4 security level institution. 103 CMR 101.04, Amended Complaint ¶ 15. Level 4 security level inmates are **not** eligible for work release. In Level 4 security, "[j]ob and program opportunities exist for all inmates **within the perimeter of the facility**." 103 CMR 101.03 (emphasis added). Thus, the plaintiff is not "pre-release eligible" and therefore, cannot be approved for work release under any circumstance. The work release statute, M.G.L. c. 127 § 49, prohibits work release for inmates who violate M.G.L. c. 265 § 15A, and the

5

applicable regulations prohibit any possibility of a Level 4 security inmate from receiving work release.

The Amend Complaint must be dismissed in its entirety because it does not state a claim. Counts I and III must be dismissed because the plaintiff's claim of discrimination under the Rehabilitation Act and the U.S. Constitution are not viable in light of the fact that the plaintiff is not otherwise eligible for work release. The plaintiff simply cannot be discriminated against because of his disability if he is not a member of the class of inmates otherwise eligible for work release. An essential part of the plaintiff's burden of proof is that he is eligible for work release. The plaintiff cannot meet that burden because of the plain language of the M.G.L. c. 127 § 49. Finally, Count II must also be dismissed because defendant O'Brien cannot have violated the plaintiff's federal rights if the plaintiff was not discriminated against in the first instance. Therefore, all three counts of the plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted. The plaintiff's Amended Complaint must fail and all counts dismissed.

**II.     This Court Lacks Jurisdiction Over Plaintiff's Claim Against the Department of Veteran Affairs.**

Plaintiff's claim against the Department of Veteran Affairs must also be dismissed for lack of jurisdiction.

**A.     Plaintiff's Claims Against the VA Are Barred in the District Court By 38 U.S.C. § 511 Because They Seek Review of VA's Determination In An Individual Benefit Claim**

Plaintiff's claims against VA, in essence, seek district court review of VA's determination in an individual benefit claim. District court review of VA benefit determinations has long been

precluded by 38 U.S.C. § 511 and its predecessors.[3]

The Veterans' Benefits Act of 1957, Pub. L. No. 85-56, 71 Stat. 83, as amended by the Veterans Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988) (hereinafter "VJRA"), "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits. . . ." 38 U.S.C. §511(a). Section 511, as amended by the VJRA and the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991), provides in pertinent part that:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b),[4] the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

In the leading case interpreting the statute prior to its amendment in Pub. L. No. 100-687, *Johnson v. Robison*, 415 U.S. 361, 369-73 (1974), the Supreme Court recognized Congress' two-fold purpose in enacting what is now section 511. That purpose is, first, to ensure that veterans' benefit claims will not burden the courts and the VA with expensive and time-consuming litigation, and second, to ensure that the technical and complex determinations and applications of VA policy regarding such claims will be adequately and uniformly made. The legislative history of the statute demonstrates that "Congress intends to exclude from judicial review all

---

[3] Former section 211(a) of title 38, United States Code, was recodified as section 511 by the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991).

[4] The only exceptions to preclusion of review specified at 38 U.S.C. § 511(b) are challenges to rulemaking under 38 U.S.C. § 502, certain insurance questions under 38 U.S.C. §§ 1975 and 1984, matters relating to housing and small business loans under 38 U.S.C. ch. 37, and review of Board of Veterans' Appeals decisions in the Court of Appeals for Veterans Claims under 38 U.S.C. ch. 72. None of these exceptions applies in this case.

determinations with respect to noncontractual benefits provided for veterans and their dependents and survivors." H.R. Rep. No. 1166, 91st Cong., 2d Sess. 11, reprinted in 1970 U.S.C.C.A.N. 3723, 3731.

However, prior to passage of the VJRA, a few judicially created exceptions to the judicial-review prohibition were recognized. Such exceptions included challenges to the constitutionality of veterans' benefit legislation, *e.g.*, *Robison*, 415 U.S. at 366-74, challenges to the authority of the Administrator (now Secretary) of Veterans Affairs to promulgate regulations, *e.g.*, *Wayne State Univ. v. Cleland*, 590 F.2d 627 (6th Cir. 1978), and suits asserting that a VA regulation violated a statute not primarily administered by VA, *e.g.*, *Traynor v. Turnage*, 485 U.S. 535 (1988).

The VJRA amended what was then section 211(a) to prohibit review of VA decisions "under a law that affects the provision of benefits by the [Secretary of Veterans Affairs]," whereas it had previously prohibited review of VA decisions "under any law administered by the Veterans' Administration providing benefits." VJRA, § 101, 102 Stat. at 4105. The purpose of that amendment was to "broaden the scope of section 211." H.R. Rep. No. 963 at 27, reprinted in 1988 U.S.C.C.A.N. at 5809.

The United States Court of Appeals for the Second Circuit has discussed the effect of the VJRA in providing, for the first time, judicial review of veterans' benefit decisions in the United States Court of Appeals for Veteran Claims (hereinafter "CAVC") and, on appeal, in the United States Court of Appeals for the Federal Circuit, while at the same time broadening the statutory prohibition on judicial review in other courts. *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992). In *Larrabee*, the court stated:

> By providing judicial review in the Federal Circuit, Congress intended to obviate

8

>the Supreme Court's reluctance to construe the statute as barring judicial review of substantial statutory and constitutional claims, while maintaining uniformity by establishing an exclusive mechanism for appellate review of decisions of the Secretary.

*Id.* (citations omitted). The court then concluded that, "[a]lthough district courts continue to have 'jurisdiction to hear facial challenges of legislation affecting veterans' benefits,' other constitutional and statutory claims must be pursued within the appellate mill Congress established in the VJRA." *Id.* (citation omitted) (emphasis added); *see also Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute (citations omitted)").

The First Circuit, along with several other circuits, has previously stated that "a party may not avoid an unambiguous no judicial review provision simply by asserting a challenge 'cloaked in constitutional terms.'" *Jordan Hospital v. Shalala,* 276 F.3d 72, 78 (1st Cir. 2002); *see New York v. Eadarso*, 946 F. Supp. 240, 244 (2d Cir. 1996); *Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995) (refusing to assert jurisdiction, the court reasoned that although plaintiff constructed his claim as a constitutional violation of the Rehabilitation Act and the Fifth Amendment, his suit was premised on the denial of benefits, and therefore must be redressed by the Court of Veteran's Appeals, and any subsequent appeal shall be heard by the U.S. Circuit Court for the Federal Circuit.)*; Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994), cert. denied, 515 U.S. 1102 (1995); *Pappanikoloaou v. Administrator of Veteran Administration,* 762 F.2d 8, 9 (2d Cir.) (per curiam) ("[O]ne may not circumvent §§ 511(a) by seeking damages on a constitutional claim arising out of a denial of benefits"), cert. denied, 474 U.S. 851 (1985).

A facial constitutional challenge to veterans' benefit legislation has been permitted in a

district court under the VJRA. *Disabled American Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 140 (2d Cir. 1992) (preclusion-of-review statute does not deprive district courts of jurisdiction to hear facial challenges to legislation affecting veterans' benefits).[5] However, where a plaintiff does not challenge the constitutional validity of any statute, but only raises claims arising out of the adjudication of a benefit matter, such claims may only be pursued through the CAVC. *See Zuspann v. Brown*, 60 F.3d 1156, 1158-60 (5th Cir. 1995), cert. denied, 516 U.S. 1111 (1996); *Eadarso*, 946 F. Supp. at 244 (constitutional claim against statute, "as applied," no facial challenge); *Beamon v. Brown*, 125 F.3d 965, 972-74 (6th Cir. 1997).

In *Zuspann*, 60 F.3d at 1159, the United States Court of Appeals for the Fifth Circuit observed that, since the enactment of the VJRA, Federal courts have refused to entertain constitutional claims based on the VA's actions with respect to particular benefit claims. In that case, the court upheld the dismissal of a veteran's claim that he had been denied adequate medical care in violation of the Rehabilitation Act and the Fifth Amendment to the Constitution. The court stated that "[t]he VJRA . . . created an exclusive review procedure by which veterans may resolve their disagreements with [VA]," 60 F.3d at 1158, and concluded that, because the veteran was challenging VA's decision to deny him benefits, his recourse lay in that procedure, rather than in the district court, *id.* at 1159-60.

In *Beamon*, 125 F.3d 965, the United States Court of Appeals for the Sixth Circuit

---

[5] *See also Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995) (in determining district court jurisdiction, only one question remains after the passage of the VJRA, "whether the plaintiff is alleging a facial attack on the constitutionality of an act of Congress, or whether the plaintiff is challenging the VA's decision to deny him benefits"), cert. denied, 516 U.S. 1111 (1996). *But see Hall v. U.S. Department of Veterans' [sic] Affairs*, 85 F.3d 532, 534 (11th Cir. 1996) (in light of the VJRA, the "vitality" of the holding in *Robison* concerning the jurisdiction of the district courts to entertain facial constitutional challenges to veterans' benefit legislation is "debatable").

affirmed the dismissal of a class action suit brought by a group of veterans challenging, on constitutional and other grounds, the VA's procedures for processing benefit claims. Although the plaintiffs "attempted to distinguish and separate a constitutional challenge to VA procedures for making benefits decisions from their underlying claim for benefits," the court nonetheless found that the district court lacked subject-matter jurisdiction and that the veterans' claims should properly have been pursued through the CAVC. *Id.* at 972-74.

In *Hall v. U.S. Department Veterans' Affairs*, 85 F.3d 532 (11th Cir. 1996), the United States Court of Appeals for the Eleventh Circuit affirmed the dismissal for lack of subject-matter jurisdiction of a challenge by an incarcerated veteran to the constitutionality of a VA regulation, 38 C.F.R. § 3.665, which requires reduction in disability compensation during periods of incarceration in excess of sixty days for felony convictions. The court held that, except for the avenue of judicial review available through the VJRA, judicial review of the regulation is available exclusively in the United States Court of Appeals for the Federal Circuit in accordance with 38 U.S.C. § 502. 85 F.3d at 535.

These cases establish that, under 38 U.S.C. 511(a), constitutional challenges to VA regulations and procedures must be filed with the CAVC under 38 U.S.C. § 7252 or, in the case of direct review of regulations pursuant to 38 U.S.C. § 502, with the United States Court of Appeals for the Federal Circuit.

  **B.** **The Plaintiff's Constitutional Challenge Is An "As Applied" Challenge**

It is well-settled that the District Court does not have jurisdiction to hear "as applied" constitutional challenges to denial of veterans' benefits. *Zuspann*, 60 F.3d at 1158; *Hall*, 85 F.3d at 534 (in light of the VJRA, the concept that the district courts may even entertain facial constitutional challenges to veterans' benefit legislation is "debatable"); *Larrabee*, 968 F.2d at

11

1501; *Cheves v. Dep't of Veterans Affairs*, 227 F.Supp.2d 1237, 1246 (M.D. Fla. 2002) (holding that § 511 interposes a bar to as-applied constitutional challenges to DVA's processing of a claim for veterans' benefits); *McCulley v. United States Dep't of Veterans Affairs,* 851 F. Supp. 1271, 1282 (E.D. Wis. 1994) (in light of enactment of the VJRA, "any attempt" to bestow on district courts jurisdiction over non-facial constitutional challenges to VA benefit decisions "appears outmoded"); *Verner v. United States*, 804 F.Supp. 381, 384-85 (D.D.C. 1992) (dismissing constitutional counts).

Here, the plaintiff raises a constitutional challenge under the Fifth and the Fourteenth Amendments as to the application of 38 U.S.C. § 5313(2) to him. Therefore, the plaintiff's claim is barred.

The difference between a "facial" constitutional challenge and an "as-applied" challenge is well set out. A facial challenge to a legislative act is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. *See McGuire v. Reilly*, 386 F.3d 45, 57 (1st Cir. 2004). In other words, a law is "facially" unconstitutional if it is unconstitutional in every conceivable circumstance. Essentially, a facially unconstitutional statute is recognizable because it is unconstitutional simply by reading the plain language of the statute. "A successful challenge to the facial constitutionality of a law invalidates the law itself." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). By contrast, through an "as applied" challenge, the challenger must establish only that the legislative act is unconstitutional "as applied" to the challenger only. An as-applied challenge contends that the law is unconstitutional as applied to the litigant, even though the law may be capable of valid application to others. An as-applied challenge does not implicate the law against third parties. Rather, a litigant may separately argue that the statute has a discriminatory

effect on the litigant. A successful as-applied challenge does not render the law itself invalid but only the particular application of the law.

Here there is no allegation that 38 U.S.C. § 5313(a)(2) is unconstitutional in every circumstance. The plaintiff alleges, in effect, that the statute is unconstitutional as applied to a person who cannot participate in a work release program because of a disability. The plaintiff does not allege, nor could he successfully claim, that the statute is unconstitutional as applied to persons who are not disabled and who refuse to participate in a work release program, or to persons who are ineligible to participate in a work release program because they committed particularly heinous crimes. See, e.g., Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, ??? (1976) ("[T]he drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary."). Because the plaintiff challenges the statute as applied to his specific circumstance, his claims are beyond the jurisdiction of this Court. Accordingly, they must be dismissed.

In this circumstance, the District Court has no jurisdiction, and the plaintiff's claims must be dismissed.

### C. Even If the Plaintiff Could Assert His As Applied Challenge In the District Court, the Law is Rationally Related to a Legitimate Governmental End

Typically, a law will withstand an equal protection challenge if it bears a rational relationship to a legitimate governmental end. *See Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000); *Popovich v. Cuyahoga County Court of Common Pleas, Domestic Relations Div.*, 276 F.3d 808, 812 (6th Cir. 2002) ("disability--unlike race--is not a 'suspect category' and does not deserve 'heightened scrutiny'").

Here, the plaintiff's challenge to the Veterans Benefit Statute must fail because the law

passes constitutional muster. Specifically, the Congress could seek to provide an incentive for those veterans able to participate in work-release, which may require good behavior by the veteran to be eligible, to take advantage of the program by re-instating veterans' benefits. Those unable to participate in work release because of disability, or other reasons, are not susceptible to that incentive and Congress can, therefore, rationally exclude those individuals from receiving benefits. Encouraging good behavior and participation in the work-release program is a legitimate governmental end. Reinstating veterans benefits to those who can participate as an incentive to participate is rationally related to that end.[6] Therefore, the plaintiff's claims must fail.

**IV.     The Plaintiff's Bivens Action Must Be Dismissed Against Defendant O'Brien**

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971), the Supreme Court allowed a plaintiff to seek money damages from federal officials for alleged violations of certain constitutional rights. However, the Supreme Court has restricted the availability of a *Bivens* action where there is an adequate congressionally created administrative remedy. *See Bush v. Lucas*, 462 U.S. 367, 368 (1983); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988). Several circuit courts have held that the comprehensive remedial structure of the VJRA precludes *Bivens* actions against VA officials. *See Sugrue v. Derwinski*, 26 F.3d 8, 11-12 (2d Cir. 1994) (declining to find that a *Bivens* cause of action lies against VA employees in their individual capacities because a comprehensive federal legislation had already established a remedial system); *Zuspann v. Brown*, 60 F.3d 1156, 1160-61 (5th Cir. 1995)

---

[6] Moreover, veterans benefits, which are designed to aid the veteran in meeting expenses, are not necessary if the state or federal government has the veteran incarcerated full time. Avoiding duplication of costs is a legitimate governmental end. Denying disabled veterans, along with other veterans, benefits while incarcerated is rationally related to that end.

(upholding decision of the district court that no *Bivens* cause of action lies against the VA employees in their individual capacities); *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995) ("The district court correctly held that a *Bivens* action was inappropriate in light of the comprehensive, remedial structure of the VJRA"). These cases establish that where, as here, a veteran challenges the VA's denial of veteran's benefits, *Bivens* does not provide a remedy against the VA officials.

Moreover, the plaintiff makes extremely clear in his Amended Complaint in several instances that he is suing Mr. O'Brien in his "official" capacity. Amended Complaint ¶¶ 14, 17, 48, 61 and case caption. Indeed, it appears from the Amended Complaint that Mr. O'Brien, acting as Veterans Service Manager, simply did not award benefits to the plaintiff because the plaintiff was not eligible for work release. Mr. O'Brien, it appears, was a ministerial agent following the plain language of the statute. Indeed, Mr. O'Brien never acted in his individual capacity. Yet, the plaintiff cannot sue defendant O'Brien in his official capacity under *Bivens*. *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir.2001) ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity."); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir.1998) (complaint against government official in official capacity is suit against United States; *Bivens* action cannot be prosecuted against United States because of sovereign immunity); *Hoffenberg v. Federal Bureau of Prisons*, 2004 WL 2203479, *10 (D. Mass. 2004) ("[A] <u>*Bivens*</u> claim cannot be brought against the BOP, as a federal agency, or the other defendants in their official capacities"), quoting, *Rio Grande Silvery Minnow v. Keys*, 355 F.3d 1215, 1214 (10th Cir. 2004).

Finally, any Bivens claim against Mr. O'Brien must be dismissed because there is no allegation that Mr. O'Brien did anything to affect the plaintiff, see Ruiz Rivera v. Riley, 209 F.3d 24, ?? (1st Cir. 2000) ("liability exists only where the supervisor's action or inaction was

'affirmatively linked' to the constitutional violation"), and, in any event, there is nothing to suggest that any conduct by Mr. O'Brien violated "'clearly established' statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Therefore, Count II against defendant O'Brien must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the defendants request that the plaintiff's Amended Complaint be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

 Respectfully submitted,
 MICHAEL J. SULLIVAN
 United States Attorney


By: /s/ Jeffrey M. Cohen
 Jeffrey M. Cohen
 Assistant U.S. Attorney
 U.S. Attorney's Office
 John Joseph Moakley U.S. Courthouse
 1 Courthouse Way, Suite 9200
 Boston, MA 02210
 Tel. No. (617) 748-3100
Dated: February 13, 2006 Facsimile (617) 748-3969

CERTIFICATE OF SERVICE

I certify that on February 13 , 2006, I caused a copy of the foregoing Memorandum to be served on Plaintiffs by first class mail, postage pre-paid to David E. Brown, 500 Colony Road, Gardner, MA 01440.

 /s/ Jeffrey M. Cohen
 Jeffrey M. Cohen
 Assistant U.S. Attorney