UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

FILED
IN CLERK'S OFFICE

2006 FEB 22 P 12: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

DAVID E. BROWN,

    PLAINTIFF,

-vs-

DEPARTMENT OF VETERANS AFFAIRS
ADMINISTRATION, and Thomas O'Brien,
VETERANS SERVICE MANAGER, (in his
official capacity)

    DEFENDANTS, et. al.

Civil Case No.: 05-40027-FDS

PLAINTIFF' REPLY TO COUNTERCLAIM

OR, RULE 12(b)(1),&(b)(6)

MOTION TO DISMISS

INTRODUCTION

    Defendants' Department of Veterans Affairs Administration, (V.A.) and [1]Thomas O'Brien, have submitted memorandum in support of their Motion to Dismiss on grounds that Amended Complaint fails to State a Claim upon which relief can be granted because, (1) The plaintiff' is not eligible, by Statute, to participate in Work-Release, (2) The Court lacks jurisdiction over claims against V.A., and (3) The plaintiff' cannot state a claim under "Bivens".

---

[1] Plaintiff' takes "Exception" to defense counsel claim to represent the defendant' Thomas O'Brien, absent counsel "Appearance Declaration" of authority from Mr. O'Brien, to represent him the instant matter.

## PLAINTIFF' RESPONSE

(1) The plaintiff' is "Otherwise Qualified" by Statute to to participate in "Program" of Work-release. (2) The District Court is proper jurisdiction over claims against the V.A. When claims Question the Constitutionality of Federal Statutes scheme. (3) Defendants' are correct, the plaintiff, cannot state a claim under "Bivens".

## PLAINTIFF' IS "OTHERWISE QUALIFIED" INDIVIDUAL TO PARTICIPATE IN WORK RELEASE PROGRAM

To determine the 'otherwise qualified' question in the case at bar, the Court must first isolate "Program" at issue, if the "Program" is not precisely identified, then the **basic eligibility** to participate cannot be determined.

"Program" relevant to defendants' claim, plaintiff' is not otherwise qualified to participate, is the one established by Statute M.G.L. c.127 §§ 48,49. Employment Programs established outside Correctional facility, <u>ie.</u> Work-Release Program.

Defendants' essentially contend that plaintiff' must be recommended by superintendent, and upon approval of Commissioner, to be eligible to participate in a program of employment outside the Correctional facility, as required by Statute M.G.L. c.127 § 49, to State a Claim of disability discrimination, Program and Benefits available Veteran Benefit Statute 38 U.S.C. § 5313(2).

Defendants' allegations, failed to mirror that plaintiff' meets Standard of Proof element to answer the "Otherwise Qualified" Question in his favor, when viewed under standard of proof elements inherit The American With Disabilities Act, (ADA), 42 U.S.C. §§ 12112.

Despite the plaintiff' disabilities, he is "Otherwise Qualified" to participate in [ That is eligible foe Consideration ] The Commissioner of Correction, may permit plaintiff' approval to participate in a Program of employment, outside correctional facility, as authorized M.G.L. c.127 § 49.

It is evident from reported decisions, that to be "Otherwise Qualified" for Program, a person need only possess the **Basic Eligibility** Requirement, of the public "Program" in which the individual seeks to participate.

The plaintiff meets the **Basic Eligibility** requirement [That is eligibility for consideration for], to participate in Work-release Program, approval by the Commissioner of Correction.

Plaintiff' **Basic Eligibility,** to participate in a Work-release "Program", is established by clear language, Statute M.G.L. c.127 § 49, Statute creates **distinct Basic Eligibility,** for plaintiff' convicted of assault and battery dangerous weapon M.G.L. c.265 § 15A.

[That is eligibility for consideration for] as plaintiff' is one "Who has served such a portion of his sentence or sentences that he would be eligible for parole with eighteen months, <u>to</u> participate in . . . employment programs established under section forty-eight outside correctional facility" See M.G.L. c.127 § 49:.

Plaintiff' "qualifier" is he has served such a portion of his sentences, that he is eligible for parole within eighteen-months, to be eligible for recommendation by superintendent, and upon approval of the Commissioner Correction, to participate in Work-release program.

Were the plaintiff' within <u>19</u> months of his parole eligibility the Commissioner of Correction, would not poses authority pursuant M.G.L. c.127 § 49, for authorizing plaintiff' approval to participate in Work-release Program.

> M.G.L. c.127 § 49: in relevant part;
>
> The commissioner of correction . . . **may permit** an inmate who has served such a portion of his sentence or sentences, that he would be eligible for parole within eighteen-months **to participate in,** . . . **employment programs** . . . **outside** a correctional facility; provided that no committed offender who is serving a life sentence or a sentense . . . for violation of section . . . 15A . . . of Chapter 265 . . . (As plaintiff is) . . **shall be eligible to participate in** . . . **employment programs outside** a correction facility, **except on recommendation** of the superintendant of the facility . . . **and** upon the **approval** of the commissioner . . .

4.

In <u>Tugg v. Towey</u>, 864 F. Supp. 1201, 1205 (S.D. Fla. 1994) The Court held that the plaintiffs' were, "qualified individuals" under the (ADA), because they meet the county resident requirement, for receipt of mental health counseling. In <u>Lundstedt v. City of Miami</u>, 1996 WL 852443, *9 (S.D.Fla. 1995), There was an apparent requirement that one must be a resident of the city to be a firefighter. The Court <u>held that the residency requirement, was not an impediment to "Qualified Individual" status because the applicant seeking reinstatement **could move** into the city</u>.

In <u>Concerned Parents to Save Dreher Park Center, v. City of West Palm Beach</u>, 853 F. Supp. 424, 425 (S.D.Fla. 1994), another (ADA), case the Court found that residents and non-residents were permitted to take part in city leisure activities. It was reasoned therefore, that plaintiffs' who were both **residents** and **non-residents**, were "Qualified Individuals" to participate in those city leisure time activities.

Plaintiff' **Basic Eligibility Qualifier,** is that he is within eighteen-months of parole eligibility, therefore meeting, **Basic Eligibility,** for participating in Work-release **"Program"**, Commissioner <u>may permit</u>, the plaintiff' <u>to</u> participate in Work-release **"Program"**.

5.

Additionally, the Standard of Proof, required of the (ADA) and Rehabilitation Act, plaintiff' meets basic eligibility 'qualifier' to participate in 'Program' of work-release, with or without his disability limitations, as plaintiff' is within 18 months of his parole eligibility on May 1, 2004.

## CORRECTIONS CLASSIFICATION SYSTEM

Each inmate every six months period, is mandated by Classification system Board for review, an inmate may request placement in a lower security level setting. The plaintiff' is at security level (4), he may request placement to lower security level (3) "WorkCamp" after which upon favorable "Work-camp" Staff reports and recommendations, may request of Class Board for placement level (2) "Pre-release" Work-camp, there upon recommendations and approval may be placed in level (1) "Work-release Program, <u>if in addition</u> said inmate is "Otherwise Qualified" for placement by he being within eighteen-months of parole eligibility, and is not serving a 1st degree life sentence or mandatory sentence for trafficking in Narcotics, or sexual deviant.

Classification Board is comprised of three members, (1) Unit Manager, (2) Counselor, (3) Housing unit Sargent.

Classification Board with a two to one vote in favor, recommendation for plaecment of an inmate in a lower security level. recommendation is sent to superintendent of the facility and if he so recommends in agreement, combined Board and seperintendent recommendation are sent to head Office Classification the Department of Correction, upon their recommendation it is approved by the Commissioner Correction.

This process Board, Superintendent, Head of Classification for Corrections Department, and finely the Commissioner of Correction, is the Standard process for each inmate, regardless of security level such as level (6) to Level (5) placement.

Inmates convicted of 2nd degree murder are qualified for Work-release program, in fact most are sent to work-release program level (1), prior to their release from custody under parole supervision, so as to better transition from many years of imprisonment to the outside and to devalope work experience prior to reintragration back into the community.

This plaintiff' once charged with murder in the 1st degree, september of 1985, Worcester Massachusetts, convicted of manslaughter M.G.L. c.265 § 18, in 1986, Worcester Superior Court Department and sentenced to term of 8 to 12 years, Walpole State Prison,

7.

Without a disability, to prevent participation in level 3,2, or 1 Work-Camps and Community work-release program, plaintiff' was classified to M.C.I. Lancaster, under provisions M.G.L. c.127 § 49, in the year 1989, some three years post conviction Manslaughter, beating a man to death, at Elm Park, Worcester and did while at Lancaster, participate in community based work-release program, and had weekend furloughs, til release from prison in December 1992. See, Department Corrections Records, David E. Brown, Inmate #W42128.

   WHEREFORE, the above reasoning the plaintiff' has stated a claim upon which discrimination can be alleged as plaintiff meets the basic eligibility requirement of otherwise qualification, to participate in a prison Community based work-release program, pursuant Statute M.G.L. c.127 § 49.

### THE DISTRICT COURT HAS SUBJECT MATTER JURISDICTION

   The jurisdiction of subject matter this law suite is proper the District Court, See, Amended Complaint at ¶ JURISDICTION, Action Questions Constitutionality of Veteran Benefit Legislative Act, that effects the Public Good, **28 U.S.C. § 2404.** See, Amended Complaint allegations.

WHEREFORE, the above-reasoning the District Court is proper jurisdiction, not the Department of Veterans Affairs Administration.

## "BIVENS"

Plaintiff' agrees with defendants that "Bivens Action" must be dismissed.

WHEREFORE, The above-reasoning there is no longer a dispute between the parties concerning "Bivens Action" the plaintiff' seeks and agrees to dismissal of "Bivens Action" the plaintiff' seeks and agrees to dismissal of "Bivens Action" only.

## CONCLUSION

Remember, our Brave Troops around the Word who keep us safe!

Dated: 02/20/06

Respectfully submitted,

David E. Brown,
500, Colony Road
Gardner, Ma. 01440

## CERTIFICATE OF SERVICE

I, hereby certify that on this day a true copy of this document is mailed by first class, pre-paid postage to the defendants attorney of record.

Dated: 02/20/06    Signature,

David E. Brown,

9.