UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

DAVID E. BROWN,

   PLAINTIFF,

-vs-            Civil Case No.: 05-40027-FDS

DEPARTMENT OF VETERANS AFFAIRS
ADMINISTRATION, and THOMAS O'BRIEN,
VETERANS SERVICE MANAGER, (IN HIS
OFFICIAL CAPACITY)

   DEFENDANTS, et. al.

## MOTION ORDER

PLAINTIFF' THE PARTY INVOKING SUBJECT MATTER JURISDICTION IS PROPER THE DISTRICT COURT, TO ESTABLISH ITS EXISTENCE BY ALLOWING PLAINTIFF" MOTION FOR ORDER OF ADMISSION TO BE ADMITTED OR ISSUE ORDER COMPELLING DISCOVERY ADMISSIONS THE DEFENDANTS

Here comes the plaintiff' in the above-entitled matter, hereby Motion order, plaintiff' the party invoking subject matter jurisdiction is proper the district court, to establish its existence, by allowing plaintiff' motion for order of admissions to be admitted, or issue order compelling discovery admissions the defendants. reasoning;

Defendants' have moved the court under Rule 12(b)(1), That jurisdiction of plaintiff' law suite is not proper the district court.

See page six, defendants motion to dismiss Amended complaint.

"A.  Plaintiff's Claims Against the VA are Barred in the District Court By 38 U.S.C. § 511 Because They Seek Review of VA's Determination In An <u>Individual Benefit Claim</u>

The plaintiff' is aggrieved. Under Rule 12(b)(1), The plaintiff, the party invoking jurisdiction, has the burden of proof to establish its existence.

Discovery Admissions is relevant solely to subject matter of defendants motion to dismiss, 12(b)(1), in essence "Plaintiff's claims against the VA are barred in the district court...because they seek review of VA determination in an individual benefit claim"

Discovery Admissions the defendants' have wholly avoided response. response will demonstrate following two relevant material facts: 1, that plaintiff' has not ever filed a formal claim for Veteran Benefit pursuant subject matter this law suite. 2. That plaintiff does not seek review of VA determination in an individual benefit claim, as there was not a claim ever filed, or a determination of VA ever made of claim never filed with regard of any subject matter this law suite.

The plaintiff' is aggrieved, as he is denied means to establish the existence of proper jurisdiction is district court, by stay of discovery, until subject matter jurisdiction is established, while defendant are free to allege false material facts, plaintiff' is

denied means through discovery Admissions to defend against, or counter defendants' claim that plaintiff seeks review of VA determination in an individual benefit claim, and prove through defendants own Admissions or failure to respond to Admissions that were not objected to in timely fashion, defendant false material fact allegations to dismiss motion Rule 12 (b)(1).

    Wherefore, the above-reasoning plaintiff moves the court to allow motion order, plaintiff' the party invoking subject matter jurisdiction is proper the district court, to establish its existence by allowing plaintiff' motion for order of admissions to be admitted or issue order compelling discovery admissions, the defendants.

Date 03/04/06

Respectfully submitted

*/s/ David E. Brown*
David E. Brown, plaintiff'
500, Colony Road
Gardner, Ma. 01440

### CERTIFICATE OF SERVICE

I, certify that on this day a true copy of motion is served by first class postage pre-paid to Attorney of record.

Dated: 03/04/06　　　　　　　　　　　Signature, */s/*
　　　　　　　　　　　　　　　　　　　　　　　David E. Brown

3.